**ESSROC MATERIALS, INC., Appellee,**

v.

**POLAND TOWNSHIP BOARD OF ZONING APPEALS et al., Appellants.**

[Cite as *Essroc Materials, Inc. v. Poland Twp. Bd. of Zoning Appeals* (1997), 117 Ohio App.3d 456.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 96 C.A. 74.

Decided Jan. 22, 1997.

*John C. Ross*, for appellee.

*Alan C. Weinstein* and *R. Todd Hunt*, for appellant Poland Township.

*Kelly J. Morrison* and *Charles J. Day*, for appellants Ted W. Sheffler et al.

---

Cox, Judge.

This matter presents a timely appeal of a judgment of the Mahoning County Common Pleas Court, wherein the court reversed the decision of appellant, Poland Township Board of Zoning Appeals, denying appellee, Essroc Materials, Inc.'s petition for a conditional use certificate for surface mining in a district zoned A–1, agricultural. On June 6, 1995, appellants, Ted W. Sheffler et al., neighbors, and adjacent property owners to appellee's property, moved to intervene in opposition to appellee's petition. On January 9, 1996, this motion was granted *nunc pro tunc* to June 6, 1995.

The record reveals that on March 22, 1995, appellee filed for a conditional use certificate pursuant to Poland Township Zoning Resolution ("Zoning Res.") Section 400.8 for property that was zoned A–1, agricultural, pursuant to Zoning Res. Section 300.1. Prior to filing this petition, appellee had reached an agreement with the Mahoning County Commissioners, wherein the county and appellee agreed that appellee would be able to mine on this property for up to seven years upon certain conditions, including the re-establishment of roads vacated by the county, maintenance of a public throughway, reclamation of the mined property at the termination of the agreement, the establishment of a development fund for Poland Township, and sale of the reclaimed property to Mill Creek Park upon termination of the agreement. This agreement was contingent upon appellee's ability to secure a conditional use permit from appellant.

A public hearing was held on the petition on May 4, 1995. Appellee presented testimony that the proposed use presented no foreseeable serious environmental concerns, that all necessary governmental permits could be secured, and that appellee's existing mining operations had not had a negative effect on single-family residential property values in Poland Township. Appellant presented testimony and eleven exhibits from nineteen homeowners from properties adjacent to this and other existing operations of appellee, as well as testimony from the Poland Township Chief of Police and a representative of the Western Reserve Fire District.

On May 5, 1995, appellant issued its determination that appellee's petition for a conditional use permit was not conducive to the harmonious development of the neighborhood within or adjacent to residential districts by failing to satisfy noise and dust barrier requirements as well as traffic safety requirements, according to Zoning Res. Section 400.8. In the decision, appellant noted that appellee's

activities would violate land use plans for the township, discourage residential development, provide only incidental benefit to the township, allow for the storage of toxic waste on the site, and not be in the public interest or welfare of the township residents.

On May 10, 1995, appellee filed for judicial review of appellant's denial of the petition. Upon review of the record and briefs submitted by the parties, the Mahoning County Court of Common Pleas issued a judgment entry and opinion on March 28, 1996, reversing the decision of the Poland Township Board of Zoning Appeals ("board"), ruling in favor of appellee's petition for a conditional use permit.

The trial court concluded:

"[T]he board's action, however well intentioned, was illegal, arbitrary, unreasonable and unsupported by the evidence relevant to the determination as to whether, under the Ordinance, the permit should be issued."

The court, referring to *Nunamaker v. Bd. of Zoning Appeals* (1982), 2 Ohio St.3d 115, 2 OBR 664, 443 N.E.2d 172, supported its determination on the premise that a conditional use permit, in an ordinance such as exists here, simply results in the imposition of conditions on a permitted use. In addressing the board's reasoning, the court emphasized that appellant did not have the legislative authority under R.C. 519.14 to deny a permitted use where the conditions required by ordinance for such use have been satisfied.

R.C. 519.14 provides:

"The township board of zoning appeals may:

" * * *

"(C) Grant conditional zoning certificates for the use of land, buildings, or other structures if such certificates for specific uses are provided for in the zoning resolution.

" * * *

"In exercising the above-mentioned powers, such board may, in conformity with such sections, reverse or affirm, wholly or partly, or may modify the order, requirement, decision, or determination appealed from, and may make such order, requirement, decision, or determination as ought to be made, and to that end has all powers of the officer from whom the appeal is taken."

Appellants filed this timely appeal on April 26, 1996. Appellant board sets forth four assignments of error, while appellants Sheffler et al. provide a single assignment of error. Since the issue of the board's vested authority is paramount over the other issues set forth in this appeal, appellant's second assignment of error will be addressed first.

Appellant board's second assignment of error alleges:

"The trial court erred in finding that the only authority the Poland Township Board of Zoning Appeals has in ruling upon an application for a Conditional Zoning Permit for surface mining in an A–1 Agricultural District is to condition the permit on compliance with the Zoning Resolution so that if an applicant meets all conditions specified in the Zoning Resolution the board must approve the application."

The issue in this assignment is whether the board has the delegated authority to deny appellee a conditional use certificate if appellee has satisfied the conditional requirements of Zoning Res. Section 400.8.

The board's authority is derived from the General Assembly, and is therefore limited to that specifically prescribed by zoning resolutions. *Bainbridge Twp. Bd. of Trustees v. Funtime, Inc.* (1990), 55 Ohio St.3d 106, 563 N.E.2d 717. Surface mining, which is conditionally permitted pursuant to Zoning Res. Section 400.8(B), may not be denied merely because the proposed use is no longer desired. Where a denial is based on a basis such as this, the decision amounts to a rezoning without legislative action. *Gillespie v. Stow* (1989), 65 Ohio App.3d 601, 584 N.E.2d 1280.

R.C. 519.02 gives townships authority to regulate building and land use "for the purpose of promoting the public health, safety, and morals." Poland Township, pursuant to R.C. 519.02, enacted zoning resolutions for the purpose of promoting public health, safety, and morals (Zoning Res. Section 100) and uniform zoning classifications (Zoning Res. Section 300), which include the A–1, agricultural, classification at issue in this appeal. Zoning Res. Section 400.8(B) provides that Conditional Zoning Certificates may be issued for surface mining in districts zoned A–1.

Poland Township also established, pursuant to R.C. 519.14, a board of zoning appeals through Article 8 of the zoning resolutions. This article provides that the board *shall* have no authority to permit a use not permitted by the zoning resolutions, *shall* have the authority to grant conditional zoning certificates upon application, and *shall* provide a full record of the findings by resolution for each decision, together with all documents pertaining thereto. Power to grant conditional use permits is delegated to the board in Zoning Res. Section 800.1(E), pursuant to R.C. 519.14, which provides in part:

"In exercising the above-mentioned powers, such board *may,* in conformity with such sections, reverse or affirm * * * and *may* make such order, requirement, decision, or determination as ought to be made, and to that end has all powers of the officer from whom the appeal is taken." (Emphasis added.)

The language of R.C. 519.14, as previously set forth, is discretionary in nature, requiring only that the board *shall* observe the spirit of the resolution in authorizing variances, *shall* notify the holder of a variance of any intent to revoke a variance and the right to a hearing on the matter, and *shall* set the time and place and notify such holder of any hearing so requested. In matters concerning conditional use certificates, the statute does not require that the board *shall* do anything. The statute concludes by noting that in exercising the powers of the statute, the board "has all powers of the officer from whom the appeal is taken." In this regard, the officer from whom the appeal is taken is the township.

The legislative basis and intent for the delegation of authority to appellant in determining the acceptability of conditional use permits are clear. Zoning Res. Section 400.7, in establishing the requirements of A–1 districts, states that *only certain uses shall be permitted.* Several of these permitted uses require that the landowner satisfy certain prerequisite conditions prior to using the land for such purposes. Surface mining was not included in this section, but in the following section, Section 400.8, for conditional uses. The distinction between Section 400.7 and Section 400.8 is that in the former, once the conditions are satisfied, the use *shall* be permitted, whereas in the latter, once the conditions are satisfied, the use *may* be permitted. The conditions under Section 400.8 are merely prerequisite conditions that must be satisfied before the board may even consider allowing the conditional use. The language of this ordinance clearly requires that appellee satisfy the conditions required by the ordinance prior to consideration of its petition.

Effective application of Section 400.8, pursuant to R.C. 519.14, requires that the board have the discretion to approve or deny conditional use permits, based on its evaluation of the unique circumstances of the petition, within the administrative powers properly delegated by the township. Failure to recognize the board's discretionary authority would invalidate the distinction between Section 400.7 and Section 400.8, and would undermine the administrative authority properly delegated to it.

The board's assignment of error is well taken.

The board's first and third assignments will be addressed together, as the legal arguments and standards are sufficiently similar.

The board's first assignment of error alleges:

"The trial court erred by not finding that there was a preponderance of reliable, probative and substantial evidence to support the board of zoning appeals' denial of the APPELLEE's application for a Conditional Zoning Permit based on the APPELLEE's failure to meet the specific conditions contained in the Zoning Resolution."

The board's third assignment of error alleges:

"The trial court erred by not finding that there was a preponderance of reliable, probative and substantial evidence to support the board of zoning appeals' denial of the APPELLEE's application for a Conditional Zoning Permit based on the APPELLEE's failure to meet the general standards contained in the Zoning Resolution."

The sole issue for the lower court is to determine whether there is reliable, probative, and substantial evidence that the board's decision *bears a reasonable relationship* to the public health, safety, welfare, or morals. In reviewing a board of zoning appeals' decision, a court is bound by the nature of administrative proceedings to presume that the decision of the administrative agency is reasonable and valid. *Community Concerned Citizens, Inc. v. Union Twp. Bd. of Zoning Appeals* (1993), 66 Ohio St.3d 452, 613 N.E.2d 580. The reviewing court must give deference to the board's resolution of evidentiary conflicts. *Lawson v. Foster* (1992), 76 Ohio App.3d 784, 603 N.E.2d 370. The party challenging the board's determination carries the burden of proof in rebutting the presumption of the correctness of the board's decision. *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 12 O.O.3d 198, 389 N.E.2d 1113. The court must weigh the evidence on the whole record, including appraisal of witness credibility and the character of the evidence, which in turn necessitates both factual and legal determinations, but should not substitute its judgment for that of the administrative expertise. *Dudukovich, supra.* If a preponderance of reliable, probative, and substantial evidence exists, the court must affirm the agency decision. *Dudukovich, supra.*

The language of Zoning Res. Section 400.8 clearly indicates that the issuance of a conditional use certificate is discretionary. Upon a petitioner's satisfaction of conditions set forth by ordinance, the board *may* issue a permit. Satisfaction of these conditions is prerequisites to the board's review. Issuance of conditional use permits depend on the surrounding circumstances and should be based on the compatibility of such use in any particular area. *Gerzeny v. Richfield Twp.* (1980), 62 Ohio St.2d 339, 16 O.O.3d 396, 405 N.E.2d 1034. Satisfaction of specific requirements is but a single factor and does not make the grant of a conditional use certificate automatic. *Community Concerned Citizens, Inc., supra.*

The trial court's reliance on *Nunamaker, supra,* where the court addressed the severe constraints of an "inartfully drawn" ordinance, is inapplicable to the present case where the constraints of the ordinance are not at issue. The *Community Concerned Citizens, Inc.* case, where the court reviewed the board's denial of a conditional use petition for a child care facility in a residential district,

is much more analogous to the present matter. In that case, the court held that decisions to deny an application for a conditional use are clearly administrative in nature.

Appellee's contention that *Community Concerned Citizens, Inc.* is distinguished from the present matter since that ordinance *required* the board to consider the nature and condition of adjacent properties, whereas there is no such requirement in the present matter, is irrelevant. The only restriction of Zoning Res. Section 800.1 is that the board shall have no authority to permit a use not permitted by the resolution. The language of Article 8 of the Zoning Res. clearly grants appellant discretionary authority in granting conditional use permits. The term "may" is prevalent, while the term "shall" is used only in relation to the appointment of the board's members, requirements for an application of appeal, and the requirement that board decisions contain a full record of the findings.

Assuming *arguendo* that the zoning resolutions were construed as mandating approval of appellee's petition upon satisfaction of the conditions set forth in Zoning Res. Section 400.8(B), the uncontroverted fact that appellee failed to establish a barrier along a substantial portion of Route 224 would justify appellant's decision. More important, however, is the clear intent of the zoning statutes and ordinances to allow appellant broad discretion in reaching a determination regarding conditional use permits. The burden is on appellant to prove that the board's decision was not valid or reasonable, not that it was not supported by a preponderance of the evidence.

Though appellee clearly provided evidence in support of its petition, it was not sufficient to prove by a preponderance of the evidence that appellant's decision was unreasonable or invalid.

Appellant's assignments of error are well taken.

The board's fourth assignment of error and the sole assignment of appellant Sheffler et al. will be addressed together.

Appellant board's fourth assignment of error alleges:

"The trial court erred in reversing the decision of the board of zoning appeals to deny the appellee's application for a Conditional Zoning Permit."

The sole assignment of error of Sheffler et al. alleges:

"The trial court erred by abusing its discretion in overruling the unanimous decision of the Poland Township Board of Zoning Appeals to deny the petition of Essroc Materials, Inc. for a conditional zoning certificate, and ordering that a conditional zoning certificate be granted to Essroc Materials, Inc."

The standard of review to be applied by a common pleas court in reviewing the decision of a board of zoning appeals is governed by R.C. 2506.04, which provides

that a decision of the board may be reversed where the court finds the decision "unconstitutional, illegal, arbitrary, capricious, unreasonable or unsupported by the preponderance of substantial, reliable and probative evidence on the whole record."

There is a presumption that the board's decision is valid, and that the burden of showing invalidity of the decision rests on the party contesting the determination. *Warner v. Jerusalem Twp. Bd. of Zoning Appeals* (1993), 63 Ohio Misc.2d 385, 629 N.E.2d 1137. A court is bound by the nature of administrative proceedings to presume that the decision of the administrative agency is reasonable and valid. *Community Concerned Citizens, Inc., supra.* The court may not substitute its judgment for that of the board, especially in areas of administrative expertise. *Dudukovich, supra.*

Appellee contends that the common pleas court has broad discretion in reviewing decisions of a board, amounting to almost a *de novo* review standard. *Cincinnati Bell v. Glendale* (1975), 42 Ohio St.2d 368, 71 O.O.2d 331, 328 N.E.2d 808. The appellate court, however, is more limited in its standard of review and must affirm the common pleas court's judgment, as a matter of law, if it is supported by a preponderance of substantial, reliable, and probative evidence. *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 12 OBR 26, 465 N.E.2d 848.

In *Cincinnati Bell, supra,* the trial court determined that an ordinance proscribing a landowner's use of his land did not bear a reasonable relationship to the public health, safety, welfare, or morals. That court applied a balancing test and found that a proposed variance would have a minuscule effect on the immediate neighbors, but that denial of the variance would have serious effects on consumers within the area currently serviced by Cincinnati Bell.

In the present matter, the lower court did not apply a balancing test. The standard of review is not *de novo,* though it is similar. Rather, the lower court must determine, based on the record as a whole, whether the party challenging the board's decision presented a preponderance of substantial, reliable, and probative evidence such that it could determine that the board's decision amounted to an unreasonable and invalid application of the balancing test.

The zoning resolutions enacted by the township are neither inartfully drawn nor overly specific and should not be construed as if they were. In denying the petition, it is clear that appellant exercised discretionary authority legislatively prescribed to the township and properly delegated to the board. Upon review of the record, it is clear that appellee has not provided a preponderance of reliable, probative, and substantial evidence such that the common pleas court could properly find that appellant's decision was not reasonable and valid. It is not for the lower court to determine the wisdom of the board's decision. The lower court must only review the record as a whole to determine whether the board's decision

had a reasonable relationship to public health, safety, welfare, and morals. The record clearly reflects that the board's decision did bear this reasonable relationship. The lower court improperly applied a purely *de novo* review standard by requiring appellant to satisfy a preponderance of the evidence standard, rather than a reasonable and valid standard. The lower court abused its discretion in not requiring appellee to satisfy its burden of proving, by a preponderance of evidence, that the board's decision was not reasonable and valid.

Appellant's assignments of error are well taken.

The judgment of the common pleas court is hereby reversed.

*Judgment reversed.*

JOSEPH E. O'NEILL, P.J., and GENE DONOFRIO, J., concur.