OPINION
Appellant, the village of Mt. Sterling ("Mt. Sterling"), appeals from a judgment of the Madison County Court of Common Pleas that affirmed a decision by appellee, Madison County Board of Zoning Appeals ("MCBZA"), denying Mt. Sterling's request for a conditional use permit. We affirm.
Mt. Sterling owns twenty acres of property in Pleasant Township, Madison County. On August 15, 1996, Mt. Sterling applied to the MCBZA for a conditional use permit to operate a park and playground on the property. According to Mt. Sterling's original plan, the only entrance to the park and playground would be from State Route 207.
On September 9, 1996, the MCBZA held a hearing on Mt. Sterling's application and heard several complaints concerning the proposed park and playground, including safety issues related to pedestrian and bicycle traffic. Citizens and members of the MCBZA complained that the entrance was not safe for children walking or riding bikes because State Route 207 was heavily travelled and did not have sidewalks. A decision on Mt. Sterling's application was tabled until the safety issues and other complaints concerning the proposed park and playground could be addressed by Mt. Sterling.
On May 5, 1997, the hearing on Mt. Sterling's application was reconvened. Mt. Sterling amended the plan to include a secondary entrance from Near Street to the park and playground for pedestrian and bicycle traffic. However, citizens and members of the MCBZA complained that the secondary entrance was also unsafe because children would have to cross a highway and pass through a commercial area that had a significant amount of truck traffic to reach the entrance. The MCBZA concluded that Mt. Sterling had failed to address the safety issues and denied the application for a conditional use permit "on the grounds of safety, for the kids."
Mt. Sterling filed an appeal from the MCBZA's decision with the Madison County Court of Common Pleas pursuant to R.C.2506.01. The common pleas court found that the safety issue was a proper basis for denying Mt. Sterling's application for a conditional use permit and affirmed the decision of the MCBZA. Mt. Sterling timely appeals to this court and assigns a single assignment of error as follows:
 THE COURT OF COMMON PLEAS IN ITS DECISION OF THE APPEAL OF THE ADMINISTRATIVE ACTION OF THE BOARD OF ZONING APPEALS ERRED TO THE PREJUDICE OF THE VILLAGE OF MT. STERLING BY ALLOWING THE BOARD OF ZONING APPEALS TO TAKE INTO CONSIDERATION ITEMS OTHER THAN LISTED IN THE BOARD OF ZONING RESOLUTION IN DETERMINING WHETHER A CONDITIONAL USE PERMIT WOULD BE ALLOWED.
In Mt. Sterling's assignment of error, it is asserted that the MCBZA improperly considered safety issues that were not set forth in the Madison County Zoning Resolution as a requirement for a conditional use permit. Mt. Sterling argues that the MCBZA was obligated to grant the conditional use permit because all of the requirements for a park and playground that are contained in the Madison County Zoning Resolution were satisfied.
The authority of a county board of zoning appeals to grant a conditional use permit originates from R.C. 303.14. See Community Concerned Citizens, Inc. v. Union Township Bd. of Zoning Appeals (1993), 66 Ohio St.3d 452, 455. R.C. 303.14 provides, in relevant part: "The county board of zoning [appeals] may: * * * (C) Grant conditional zoning certificates for the use of land * * * if such certificates for specific uses are provided for in the zoning resolution."
A zoning resolution may include a number of specific factors for a board of zoning appeals to consider in determining whether to approve a conditional use permit. Health Management, Inc. v. Union Township Bd. of Zoning Appeals (1997), 118 Ohio App.3d 281,287 citing Community Concerned Citizens, Inc. at 455-56. However, satisfaction of the specific factors does not make the approval of a conditional use permit automatic. Community Concerned Citizens, Inc. at 456; Essroc Materials, Inc. v. Poland Bd. of Zoning Appeals (1997), 117 Ohio App.3d 456, 462. A zoning resolution may require a board of zoning appeals to consider additional information in determining whether to approve a conditional use permit. Community Concerned Citizens, Inc. at 455.
A review of the record reveals that Mt. Sterling failed to satisfy all of the specific factors for a conditional use permit that are set forth in Section 9.04(d) of the Madison County Zoning Resolution. Pursuant to Section 9.04(d), the MCBZA may grant a conditional use permit for parks and playgrounds "with adequate off-street parking areas, water supply, sanitation facilities, fencing to control accessibility of children to hazardous conditions, and any other improvement necessary to protect users from harm or danger." At the initial hearing for Mt. Sterling's application, the MCBZA stated that Mt. Sterling's plan for the park and playground needed several improvements including an entrance to the park and playground that was safe for pedestrian and bicycle traffic. Although Mt. Sterling subsequently amended its plan and proposed a secondary entrance to the park and playground, the MCBZA found that this entrance was also unsafe for pedestrian and bicycle traffic. Therefore, the proposed park and playground did not contain an "improvement necessary to protect users from harm or danger."
Even if Mt. Sterling had satisfied all of the specific factors set forth in Section 9.04(d), the MCBZA was required to consider additional information in determining whether to approve the conditional use permit. Specifically, the MCBZA was required to consider the "public health, safety, morals, comfort, harmony and general welfare" in ruling upon Mt. Sterling's application for a conditional use permit. See Madison County Zoning Resolution, Section 2.01. Thus, the MCBZA properly considered the safety of the children as a basis to deny Mt. Sterling's application for a conditional use permit. See Community Concerned Citizens, Inc. at 455-56. Accordingly, the court of common pleas did not err by affirming the denial of Mt. Sterling's application for a conditional use permit. Mt. Sterling's sole assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and KOEHLER, J., concur.