118

BOSTON ET AL. *v.* MONTVILLE TOWNSHIP ZONING BOARD OF
APPEALS.

[Cite as Boston v. Montville Township Zoning Board of
Appeals (1972), 32 Ohio Misc. 118.]

(No. 26716—Decided September 18, 1972.)

Common Pleas Court of Medina County.

*Mr. John C. Oberholtzer,* for plaintiff.
*Mr. J. Richard McMannis,* prosecuting attorney, and
*Mr. Roger R. Ingraham,* for defendant Board of Zoning
Appeals.

WINTER, J. This cause came on for hearing on appeal
from a January 5, 1971, order of the Montville Township
Zoning Board of Appeals, wherein the board, according
to letter of January 7, 1972 (Exhibit A), denied to the

plaintiffs a variance to operate a certain portion of their property as a recreational area for the reason that it was not in the best interests of the health, safety and welfare of the adjacent property owners and residents of Montville Township.

It appears from the record of the board hearing of December 7, 1971, that plaintiffs, Charles and Mary Boston, owners of certain lands situated in Montville Township, Medina County, Ohio, filed their application for a conditional zoning certificate with the defendant Zoning Board of Appeals. In said application plaintiffs requested permission to operate 25.608 acres in the northeast corner of Lot 32 in said Montville Township as a commercial fishing area within the meaning of conditionally permitted use as set forth in Section 401-B2 of the Zoning Resolution of Montville Township, Ohio, said operations to be conducted during the day time hours and subject to the restrictions necessary for the protection of the public.

The premises in question are now, and have been for some time, operated as a nonconforming use, namely, as a fish hatchery, which use was initiated by a predecessor in interest prior to enactment of the present zoning resolution.

It further appears that the zoning inspector submitted copies of plaintiffs' application to the township trustees and to the zoning board of appeals as provided in Section 801c of said zoning resolution.

The record indicates that the objections of adjacent property owners, as evidenced by the four (4) who entered their appearances at the hearing, were directed to the following:

1. Effect on valuation of adjoining properties;
2. Traffic congestion;
3. Noise by the persons making use of the area; and
4. Lights during the night season.

Another witness, Ray Marcelli, a real estate broker, stated that in his opinion the operation would have little bearing on the valuation of properties in the area and he went so far as to say that:

"Mr. Holser might be able to sell his property for twice as much if this operation goes in." (R-p-28)

The record indicates that the Trustees of Montville Township were not opposed to a conditional zoning certificate inasmuch as they made eight (8) recommendations to the board for limitations to be incorporated or considered in the issuance of a conditional zoning certificate to the applicant plaintiffs.

In addition, the zoning inspector, Mr. Fetzer, stated:

"Even I am not against changing it (operation of the area) on a restricted basis * * * I think I would be in favor of it under strict restrictions * * * and restrict the time to fish say from 8:00 to 10:00 o'clock." (R-pp. 31 & 32)

The complaint filed herein states that appeal is made to this court from an order denying a *conditional zoning certificate*. Reference to the order appealed from, namely, the board of zoning appeals letter dated January 7, 1972, Exhibit A attached to the within complaint, advises with respect to the action of the board on the request for a *variance* to permit operation as a recreational area and to permit public fishing therein. (Emphasis added.)

In the opinion of this court the problem herein presented arises because of the failure of the zoning board of appeals to distinguish between a request for a variance and a special permit, which is evidenced by a conditional zoning certificate. There is a vast difference between the two. A variance is sharply distinguishable from a special permit and the distinction may or may not be critical. (See American Law of Zoning, Vol. 3, Section 15.02.)

A variance authorizes a land owner to establish or maintain a use which is prohibited by the zoning regulations. Thus, a variance results in a deviation from the literal import of the ordinance or resolution and may be granted only upon a showing of practical difficulties or unnecessary hardship.

A special permit, which is evidenced by a conditional zoning certificate, authorizes a use which is permitted by the zoning regulations, subject to the issuance of such a permit or conditional certificate. Thus, the special permit

results in the establishment or maintenance of a use in the location and under the circumstances mandated by the zoning ordinance or resolution, and such permit may be granted upon whatever terms are imposed by the zoning ordinance or resolution.

As is stated in *American Law of Zoning*, Section 15.11, page 108:

"The enabling statutes which authorize municipal legislative bodies to delegate power to issue special permits do not impose standards for the issuance of such permits. Accordingly, the standards which guide and contain the use of this power are those provided by the zoning regulations. The selection of standards, within the limits of the requirement that such standards be adequate, is a function of the local legislative authority."

The severe standards which the legislatures and courts have imposed upon the granting of variances have rarely been imposed upon the granting of special permits. In granting or denying special permits, the board may use discretion, but may not act arbitrarily (See 58 Ohio Jurisprudence 2d, page 612.)

The determination of the question whether a variance should be granted is a matter within the sound discretion of the board of zoning appeals. As stated in 58 O. Jurisprudence 2d, page 613:

"In the absence of proof to the contrary, the board's decision in relation to a variance application will be presumed valid and reasonable. It will be nullified by a court only where the decision constitutes an abuse of the board's discretion."

(See, also, *Deibel* v. *Wilson*, 77 Ohio Law Abs. 471 and *Kanter* v. *Board of Zoning Appeals*, 14 O. O. 2d 243.)

It appears to the court that the applicants, acting upon the notice of violation of zoning inspector Fetzer (Defendant's Exhibit A), made application for a conditional zoning certificate requesting permission to continue operation of their property as a recreational area during the daylight hours subject to restrictions necessary for the protection of the public. It further appears from the board's

letter of January 7, 1972, that the application was treated as a request for a variance, or a use prohibited by the Montville Township Zoning Resolution and same was denied for the reason:

"* * * it was not in the best interests of the health, safety and welfare of the adjacent property owners and residents of Montville Township."

The court finds that plaintiffs' application was for a conditional zoning certificate and not for a variance, and accordingly should have been considered by the board in the light of those terms as imposed by the zoning resolution and, there being no requirement that the applicants show practical difficulties or unnecessary hardship, the conditional certificate should have been granted subject to whatever limitations and conditions the board found reasonable for the protection of the public.

The order of the board of zoning appeals is reversed, and this cause is remanded for the sole purpose of fixing reasonable limitations to the conditional zoning certificate as the board shall find necessary for the protection of the public.