**OHIO MALL CONTRACTORS, INC.,**

**v.**

**DICKINSON, Judge, et al.**

[Cite as *Ohio Mall Contractors, Inc. v. Dickinson* (1990), 65 Ohio App.3d 806.]

Court of Appeals of Ohio,
Portage County.

No. 88–P–2025.

Decided Jan. 2, 1990.

*John Lutseck,* for relator.

*James Silver,* for respondents.

---

*Per Curiam.*

Relator, Ohio Mall Contractors, Inc., applied to the city of Aurora for a conditional zoning permit for the purpose of building a condominium development in a district which had been zoned R–4. Under the terms of the Aurora Zoning Code, condominiums are a conditionally permitted use in R–4 districts.

Relator's application was approved by the Aurora City Council on September 27, 1983 (effective October 27, 1983) in Resolution No. 1983–112. This resolution contained the following language:

"No development or construction shall be commenced until preliminary and final plats have been approved by the City Planning Commission and any necessary variances obtained."

Aurora Resolution No. 1983–112 does not contain any provision detailing the penalties, if any, associated with noncompliance of the resolution's requirements.

Although not contained in the body of the resolution, respondents claim that the city of Aurora affixed several conditions upon the final granting of

approval to relator. Among these conditions were requirements that relator place two coats of blacktop on Cherry Park Drive (one of the roads in the condominium development). A second requirement mandated that the relator properly grade and drain some of the land in the condominium complex.

Relator constructed the condominiums allowed under Aurora Resolution No. 1983–112 and has apparently sold a number of the units. However, neither of the related conditions was performed by relator. Consequently, the city of Aurora attempted to prosecute relator for its alleged failure to comply with the terms of the conditional zoning permit, using the criminal sanctions found in Aurora Codified Ordinances Section 1115.99, which is the subdivision penalty provision of the Aurora Zoning Code. This section provides:

"The owner or owners of any building or premises or part thereof where anything in violation of these *Subdivision Regulations* is placed or exists, and any tenant or occupant of such building or premises, and any architect, builder or contractor who assists in the commission of such violation, and any person who violates any of the provisions of these regulations or fails to comply therewith shall be fined not less than twenty-five dollars ($25.00) nor more than ($50.00). Each day such violation or failure to comply exists shall constitute a separate offense." (Emphasis added.) *Id.*

The city filed its complaint in the Portage County Municipal Court (respondents) where it was assigned to Judge Perry Dickinson on May 19, 1988, alleging violations of Aurora Codified Ordinances Sections 1107 and 1108. On July 19, 1988, relator filed a motion to dismiss for lack of jurisdiction on the ground that the city of Aurora had no jurisdiction to enforce its subdivision regulations upon a condominium developer. This motion was denied on October 13, 1988.

Consequently, relator filed a petition with this court asking for a writ of prohibition to prevent the judge and Portage County Municipal Court from exercising jurisdiction over the criminal prosecution of relator. Relator's argument states that condominium property is not subject to subdivision regulations, that the city of Aurora's criminal charges have no statutory basis, and that the respondents cannot rewrite the Aurora Municipal Code so that a new codified source for penalizing relator would exist.

Relator's first argument is premised on R.C. 5311.02, which states:

"Chapter 5311. [the Ohio condominium property laws] of the Revised Code applies only to property that is specifically submitted to its provisions by the execution and filing for record of a declaration by the owner, as provided in this chapter. * * * Neither the submission of property to the provisions of this chapter, nor the conveyance or transfer of a condominium ownership

interest constitutes a subdivision within the meaning of, or is subject to, Chapter 711. of the Revised Code."

█ Relator also relies on two Ohio Attorney General Opinions, 1986 Ohio Atty.Gen.Ops. Nos. 86–039 and 86–074, for the principle that condominiums are specifically exempted from the provisions of the Ohio Revised Code governing subdivisions. Moreover, relator correctly denotes that a city generally cannot, by means of local ordinance, enact legislation which is in conflict with a state statute. *Fondessy Enterprises, Inc. v. Oregon* (1986), 23 Ohio St.3d 213, 23 OBR 372, 492 N.E.2d 797; *Struthers v. Sokol* (1923), 108 Ohio St. 263, 140 N.E. 519. (All parties have stipulated to the fact that relator's property is indeed condominium property.)

Respondents contend that relator's position is inapposite to that traditionally described by the statutes since relator was granted permission to build its condominiums under a conditional zoning permit. Under the rule announced in *Nunamaker v. Bd. of Zoning Appeals* (1982), 2 Ohio St.3d 115, 118, 2 OBR 664, 667, 443 N.E.2d 172, 175:

"[T]he special permit results in the establishment or maintenance of a use in the location and under the circumstances mandated by the zoning ordinance or resolution, and such permit may be granted upon whatever terms are imposed by the zoning ordinance or resolution." *Id.* at 118 [2 OBR at 667, 443 N.E.2d at 175], citing *Boston v. Montville Twp. Zoning Bd. of Appeals* (1972), 32 Ohio Misc. 118, 120–121, 61 O.O.2d 184, 186, 289 N.E.2d 184, 186.

Therefore, respondents contend, since relator applied for the conditional zoning permit, it was responsible for following any terms set forth in the ordinance.

Respondents are correct in their reading of *Nunamaker* and *Boston, supra.* Relator, in the case *sub judice,* applied for a conditional zoning permit in an area of the city of Aurora zoned R–4. The city granted relator's application, in Resolution No. 1983–112, subject to the fulfillment of several conditions. Had the city of Aurora so chosen, it could have stated in the resolution that failure to comply with the stated conditions would subject relator to the penalties delineated in Aurora Codified Ordinances Section 1115.99 and the penalties would be valid and enforceable, notwithstanding the fact that the penalty provision was originally drafted to pertain to subdivision property, rather than condominiums.

However, the city of Aurora did not choose to expressly incorporate the penalty provisions of Aurora Codified Ordinances Section 1115.99 into Resolu-

tion No. 1983–112, nor was any other statutory penalty enunciated in the resolution for failure to comply with the conditions. Neither this court nor the respondents have the power to expansively interpret a municipal resolution as incorporating a penalty provision when the resolution does not specifically (or even impliedly) include any statutory penalties for failure to comply with the conditions. This court will not conjecture as to the motivations of the city of Aurora in not including provisions detailing the consequences of failing to comply with the conditions imposed through Resolution No. 1983–112. We can only conclude that, since those statutory penalties were not specifically incorporated into Resolution No. 1983–112, the *Nunamaker* rationale does not apply in this context in this case.

█ This court finds that, absent special circumstances which would exist under *Nunamaker*, the city of Aurora cannot utilize its subdivision ordinances in an attempt to redress alleged deficiencies in a condominium development. R.C. 5311.02 and 1986 Ohio Atty.Gen.Ops. Nos. 86–039 and 86–074 are clear that laws pertaining to subdivisions are inapposite and inapplicable to condominiums. Moreover, respondents cannot claim that a violation of conditions which are essentially identical to those in the subdivision regulations by relator, in the construction of a condominium development, justifies imposition of the same statutory penalty. As relator has noted, all crimes in Ohio are statutory and the elements necessary to constitute a crime must be gathered wholly from the statute. *State v. Draggo* (1981), 65 Ohio St.2d 88, 19 O.O.3d 294, 418 N.E.2d 1343. The crime for which Aurora Codified Ordinances Section 1115.99 imposes a statutory penalty is violation of Aurora's subdivision regulations. This court finds it difficult to conceptualize how relator could have violated laws pertaining to subdivisions when its property is, *per se*, not a subdivision and, by statute, cannot be defined as such.

Parenthetically, this court is confused as to the reason the city of Aurora elected to attempt to prosecute relator under the subdivision provisions, given the existence of more pertinent statutory language in the Aurora Zoning Code. Chapter 1165 of the Aurora Codified Zoning Ordinances deals specifically with conditional zoning permits. Aurora Codified Ordinances Section 1165.02(e) states that "[t]he breach of any condition, safeguard or requirement shall automatically invalidate the Certificate granted, and shall constitute a violation of [the Aurora] Zoning Code. Such violation shall be punishable as per Section 1167.99." The penalties applicable under Section 1167.99 are identical to those found in the subdivision penalty provision. Given the statutory prohibitions against the use of subdivision laws in a condominium

context, and the applicability of the conditional zoning permit laws to cases such as the one *sub judice*, it would seem that the use of the latter section would have been far more appropriate.

This court is aware that the "writ of prohibition is an extraordinary remedy which is customarily granted with caution and restraint." *Dubose v. Court* (1980), 64 Ohio St.2d 169, 18 O.O.3d 385, 413 N.E.2d 1205; *State, ex rel. Shoop, v. Mitrovich* (Jan. 25, 1982), Lake App. No. 8–269, unreported, 1982 WL 5819, and is further cognizant that such a writ will be issued only when:

" '(1) The Court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power must be unauthorized by law; and (3) it must appear that the refusal of the writ would result in injury for which there is no other adequate remedy.' " *State, ex rel. Wall, v. Grossman* (1980), 61 Ohio St.2d 4 [15 O.O.3d 2, 398 N.E.2d 789]"; *Shoop, supra,* at 2.

However, the extraordinary nature of the writ will not preclude this court from issuing it when circumstances dictate and we find such circumstances to be in existence here. Consequently, relator's request for a writ of prohibition, barring respondents from exercising jurisdiction against it in a criminal prosecution and applying the subdivision penalties of the Aurora Codified Ordinances, is granted.

*Writ granted.*

JOSEPH E. MAHONEY, P.J., FORD and DONOFRIO, JJ., concur.

JOSEPH DONOFRIO, J., of the Seventh Appellate District, sitting by assignment.