OPINION
Appellants, the Rumpke Road Development Corporation, et al., appeal a decision by the Clermont County Court of Common Pleas. The Clermont County Court of Common Pleas affirmed the decision of appellee, the Union Township Board of Zoning Appeals, to deny appellants' request for a zoning variance. We affirm.
Appellants own 215.53 acres of undeveloped property on the east and west sides of Rumpke Road in Union Township. Of the 215.53 acres, 169.53 acres of the property are zoned "R-1," and forty-six acres are zoned "S-1." Land zoned R-1 provides for single family detached homes, but requires a minimum lot area of twenty thousand square feet. Land zoned S-1 provides for single family detached homes, but requires a minimum lot area of two acres. The property is bordered on the west by Interstate 275. Two high voltage power line easements, one hundred feet in width, traverse the property. The eastern portion of the property is sloped and covered with trees and borders the Cincinnati Nature Center.
In 1993, appellants proposed an amendment to the existing zoning resolution to allow appellants to divide the property into smaller lots. The Union Township Zoning Commission rejected appellants' request.[1] Appellants then presented a development plan to appellee and requested a variance. Under appellants' development plan, the property would be divided into two hundred ninety-two lots. The lot sizes would be as follows:
 Lot Size Number of Lots (in square feet)
 20,000 25 12,000 114 10,000 83 6,000 40 5,000 30
Of the proposed lots, only twenty-five would meet the zoning lot size requirements. The remaining two hundred sixty-seven lots cannot be divided as proposed without the variance. Appellants submitted many reasons why the variance was necessary. Appellants contend that the condition and location of the property makes development difficult under current zoning requirements. Development would be "extremely undesirable due to the destruction of natural beauty and buffering, and financially infeasible due to high development costs and lack of market acceptance of the lots impacted by the interstate highway and by the overhead electric lines."
Appellants' proposal would allow for an undeveloped open space under the power lines, a greenspace buffer along Interstate 275, and a greenspace on the eastern border. The remaining property space would be used to "cluster" homes. Appellants argued that the variance was consistent with the zoning requirements. This conclusion was based upon appellants' determination of the density of lots on their property. Appellants divided the total number of lots by the total acreage (including undeveloped open spaces), and determined the overall density of the property would be 1.35 lots per acre.
Appellee rejected appellants' arguments and voted unanimously to deny appellants' variance request. Appellee noted that appellants' variance request was essentially a zoning request. Appellants appealed to the Clermont Court of Common Pleas, which affirmed appellee's decision. On appeal, appellants submit two assignments of error:
First Assignment of Error:
 THE TRIAL COURT ERRED IN FAILING TO FIND THAT THE DECISION OF THE BOARD OF ZONING APPEALS DENYING APPELLANTS A VARIANCE WAS UNSUPPORTED BY A PREPONDERANCE OF SUBSTANTIVE, RELIABLE AND PROBATIVE EVIDENCE.
Second Assignment of Error:
 THE TRIAL COURT ERRED IN FAILING TO FIND THAT THE DECISION OF THE BOARD OF ZONING APPEALS WAS UNCONSTITUTIONAL, UNREASONABLE, ARBITRARY AND CAPRICIOUS.
Appellants argue that their variance was proper and should have been granted because they have an entitlement to an area variance by the preponderance of reliable, substantive and probative evidence. An appeal to the court of appeals pursuant to R.C. 2506.04 requires the court of appeals to affirm the court of common pleas decision "unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence." Kisil v. City of Sandusky (1984), 12 Ohio St.3d 30,34.
An individual has a right to use and enjoy his private property, but this right is not unbridled and is subject to the legitimate exercise of the local police power. Hudson v. Albrecht, Inc. (1984), 9 Ohio St.3d 69, 72, certiorari denied,467 U.S. 1237, 104 S.Ct. 3503, Section 3, Article XVIII of the Ohio Constitution. Townships have been delegated zoning power under R.C. 519.02 and are permitted to determine minimum lot sizes. Ketchel v. Bainbridge Township (1990), 52 Ohio St.3d 239,241-242. A zoning ordinance is presumed to be a valid constitutional exercise of the police power except under certain circumstances. See Agins v. Tiburon (1980), 447 U.S. 255, 260,100 S.Ct. 2138, 2141; Central Motors Corp. v. Pepper Pike (1995),73 Ohio St.3d 581, 584; Gerijo, Inc. v. Fairfield (1994), 70 Ohio St.3d 223.
A variance "authorizes a landowner to establish or maintain a use which is prohibited by zoning regulations." Nunamker v. Board of Zoning Appeals (1982), 2 Ohio St.3d 115, 118, quoting Boston v. Montville Twp. Zoning Bd. of Appeals (C.P. 1972),32 Ohio Misc. 118, 120. R.C. 519.14(B) grants appellee the authority to:
 Authorize, upon appeal, in specific cases, such variances from the terms of the zoning resolution as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the resolution will result in unnecessary hardship, and so that the spirit of the resolution shall be observed and substantial justice done[.]
The special conditions of the property asserted by appellants in the present case are the high voltage power lines, the tree sloped eastern section, and having Interstate 275 as a border on the west. The decision to not grant a variance based solely on area requirements should be reviewed to see if "practical difficulties" exist. Kisil v. City of Sandusky, 12 Ohio St.3d 30,33. A property owner encounters practical difficulties whenever an area zoning requirement unreasonably deprives the owner of a permitted use of the property. Duncan v. Village of Middlefield (1986), 23 Ohio St.3d 83, 86. The Ohio Supreme Court has outlined seven factors to be considered and weighed in determining whether a property owner seeking an area variance has encountered practical difficulties:
 1. Whether the property in question will yield a reasonable return or whether there can be any beneficial use of the property without the variance;
2. Whether the variance is substantial;
 3. Whether the essential character of the neighborhood would be substantially altered or whether adjoining properties would suffer a substantial detriment as a result of the variance;
 4. Whether the variance would adversely affect the delivery of governmental services (e.g., water, sewer, garbage);
 5. Whether the property owner purchased the property with knowledge of the zoning restrictions;
 6. Whether the property owner's predicament feasibly can be obviated through some method other than a variance;
 7. Whether the spirit and intent behind the zoning requirement would be observed and substantial justice done by granting the variance.
Duncan, 23 Ohio St.3d at 86.
The trial court found that there were no supporting facts or data provided to conclude that it is not economically feasible to develop the property as zoned. Appellants only presented evidence showing that it was not economically feasible to develop the property with two hundred ninety-three lots except by appellants' plan. Appellants did not present evidence of any other uses for the property besides their own proposed use.
The trial court also found that the character of the neighborhood would be substantially changed by granting the variance. The trial court concluded that seventy single-family homes on five thousand and six thousand square foot lots are not similar in character with a similar number of homes on one-half acre lots.
Appellants argue that their application for a variance is not equivalent to a rezoning. Research by the parties and by this court has failed to disclose a variance granted for more than twenty-seven lots at once. See Augustus v. Genoa Township Bd. of Zoning Appeals (Aug. 4, 1981), Delaware App. No 80-CA-11, unreported. Appellants' two hundred sixty-seven variances are substantially more than the twenty-seven variances in Augustus. Appellants cite no authority for the proposition that it is improper for appellee to deny two hundred sixty-seven variances because appellee considers this a rezoning.
The change in lot size for many of the two hundred sixty-seven lots would also be substantial. Appellants argue that the substantial change should be judged by determining the lot density of the proposed development. Appellants determined lot density by dividing the total number of lots by the total area of the development, which yields an overall density of 1.35 lots per acre. Appellants contend that this density shows that appellants would be in compliance with the zoning regulations. However, this density calculation includes seventy-three acres of open space that appellants are unwilling to develop. The trial court concluded that "[t]o claim that because the gross area of a parcel is 100 acres the owner is entitled to expect to net 200 half acre lots (less streets) is absurd." The proper format for such a substantial change is an appeal for a change in the zoning of the area.
After having reviewed the record, we hold that the trial court was correct in its holding that 1) appellants would not be denied all beneficial use of their property, 2) the interest of the public in general would be served by denying the variance, and 3) that the decision of the Union Township Board of Zoning Appeals is supported by a preponderance of reliable, probative and substantial evidence. Appellants' assignments of error are overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] See, also, our opinion in Rumpke Road Dev. Corp. v. Union Township Bd. of Trustees (Oct. 28, 1996), Clermont App. No. CA96-04-040.