DECISION
Budget Car Sales, appellant, appeals a decision of the Franklin County Court of Common Pleas. The trial court affirmed a decision of the Village of Groveport Board of Zoning Appeals, appellee.
Appellant is the owner of a car dealership located in the Village of Groveport, Ohio. On May 16, 2000, appellant filed an application with appellee for a variance. Appellant requested the variance to build a "20-foot high, 50-square-foot, free standing sign at the northeast corner of the lot, 5 feet from the sideyard and set back 15 feet from the right-of-way, and to permit an additional 126 sq ft wall sign to be installed on the front wall." Appellant stated on the application that refusal of the request would constitute a hardship because:
 The car dealership cannot be seen form [sic] Hamilton Road or SR 33, and the lack of visibility is hurting the viability of the operation. Signage is supposed to help locate the site to the travelling public, and, given the setbacks and the topography, the existing signage is not adequate.
On July 11, 2000, appellee held a hearing regarding appellant's request for a variance. The staff report prepared by appellee prior to the meeting recommended disapproval of appellant's request. After appellant presented evidence supporting its variance request, three of the four board members voted to disapprove the variance request in accordance with the staff report recommendation.
Appellant appealed appellee's decision to the Franklin County Court of Common Pleas, arguing that appellee's decision was "unconstitutional, illegal, arbitrary, capricious, unreasonable and unsupported by the preponderance of the substantial, reliable and probative evidence on the whole record as presented at the public hearing." On July 13, 2001, the trial court affirmed appellee's decision finding that appellant "failed to prove practical difficulties as described in both its [Village of Groveport] ordinance and in Duncan [v. Middlefield (1986),23 Ohio St.3d 83] * * * [and] the Court has no basis on which to reverse [appellee]." The court also held that appellant created some of its difficulties by purchasing the property in a low area and failed to show that the restrictions had any effect on profit. Appellant appeals this decision and presents the following assignment of error:
 THE FRANKLIN COUNTY COURT OF COMMON PLEAS ERRED AS A MATTER OF LAW IN AFFIRMING THE DECISION OF THE VILLAGE OF GROVEPORT BOARD OF ZONING APPEALS WHICH DENIED APPELLANT'S VARIANCE REQUESTS.
Appellant argues in its single assignment of error the trial court erred when it affirmed appellee's decision. Appellant claims the court incorrectly analyzed appellant's profit motive as a justification to affirm appellee's decision. Appellant also contends the court incorrectly applied an "unnecessary hardship" standard to an area variance request. Appellant further claims that it met the requirements for an area variance under Groveport Municipal Ordinance 1197.04(e)(2).
The standard of review for the court of common pleas for an administrative appeal is given in R.C. 119.12, which states in part:
 The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law.
"The standard of review to be applied by the court of appeals in an R.C. 2506.04 appeal is `more limited in scope.'" (Emphasis sic.) Henley v. Youngstown Bd. of Zoning Appeals (2000), 90 Ohio St.3d 142, 147, quoting Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34. "The standard of review for appellate courts is whether the common pleas court abused its discretion in finding that the administrative order was or was not supported by reliable, probative and substantial evidence." Ashland v. Gene's Citgo, Inc. (2000), Franklin App. No. 99AP-938. See, also, State ex rel. Baker v. State Personnel Bd. of Review (1999), 85 Ohio St.3d 640,643.
 "In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court has abused its discretion. An abuse of discretion '* * * implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency.' * * * Absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment. * * *
 "The fact that the court of appeals * * * might have arrived at a different conclusion than did the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn. (1992), 63 Ohio St.3d 705, 707, quoting Lorain City Bd. of Edn. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 260-261. (Citations omitted.)
A variance authorizes a landowner to establish or maintain a use which is prohibited by zoning regulations. Nunamaker v. Bd. of Zoning Appeals (1982), 2 Ohio St.3d 115, 118. "An area variance allows for the development of property in a manner which is generally not permitted by the applicable zoning regulations governing the particular zoned area, provided that the circumstances surrounding the development of the property satisfy certain standards." Workman v. Franklin Cty. Dist. Bd. of Health (2001), Franklin App. No. 00AP-905.
 The standard for granting a variance which relates solely to area requirements should be a lesser standard than that applied to variances which relate to use. An application for an area variance need not establish unnecessary hardship; it is sufficient that the application show practical difficulties. Kisil, syllabus.
The Ohio Supreme Court in Duncan v. Middlefield (1986), 23 Ohio St.3d 83, outlined seven factors to be considered and weighed in determining whether a property owner seeking an area variance has encountered "practical difficulties":
 (1) whether the property in question will yield a reasonable return or whether there can be any beneficial use of the property without the variance;
(2) whether the variance is substantial;
 (3) whether the essential character of the neighborhood would be substantially altered or whether adjoining properties would suffer a substantial detriment as a result of the variance;
 (4) whether the variance would adversely affect the delivery of governmental services (e.g., water, sewer, garbage);
 (5) whether the property owner purchased the property with knowledge of the zoning restriction;
 (6) whether the property owner's predicament feasibly can be obviated through some method other than a variance;
 (7) whether the spirit and intent behind the zoning requirement would be observed and substantial justice done by granting the variance. Duncan, syllabus.
"When reviewing a denial of an application for a variance by a board of zoning appeals, there is a presumption that the board's determination is valid, and the burden of demonstrating the invalidity of the board's decision rests on the contesting party." Akwen v. Ravenna Zoning Bd. of Appeals (2002), Portage App. No. 2001-P-0029.
In the present case, there is no question that the use appellant requested was a use not allowed by the zoning restrictions of the village. Appellant requested: (1) a variance to build two additional signs (only two signs are permitted per business); (2) a variance to build a pole sign which would exceed the maximum height allowed by six feet and would not meet the required setback of fifty feet; and (3) a variance to build a second wall sign which would exceed the allowable area for wall signs by fifty-one square feet. In support of its variance request, appellant argued that the variances were needed "to help the viability of the car dealership and better compete with surrounding car sales lots." Appellant claimed the dealership was virtually hidden around other businesses because it was located below street level. Appellant stated that its dealership was obscured from travelers on State Route 33 (located approximately one-quarter mile from the dealership) because another dealership lies between it and State Route 33. Appellant also claimed that it was at a disadvantage because the neighboring car dealership lies within the city of Columbus which allows larger signs than allowed by the Village of Groveport. Appellant stated in its application that the variances requested "are an attempt to level the playing field so the applicant can be seen by the traveling public and therefore better compete with its neighbors."
A review of the transcript of the hearing before appellee fails to show any evidence that appellant has suffered practical difficulties without the variances. Appellant sells about three thousand cars a year and, according to customer surveys, 50 percent of customers come to its dealership as a result of the adjacent dealership, 25 percent because of advertising, 20 percent are repeat or referral business, and five percent are "just driving by." No evidence was presented that supported appellant's theory that the additional signs would generate more car sales. The record also shows that appellant purchased the property knowing about the restrictions. Appellant also purchased the property five years after the adjoining dealership built its dealership between appellant's property and State Route 33. Photographs of the area show that the low lying nature of the property would have been apparent at the time appellant purchased the property. The record also supports the trial court's finding that the variances were "substantial variances."
After reviewing the complete record, applying the factors listed in Duncan, and presuming that appellee's determination is valid, we find that the trial court did not abuse its discretion. Appellant failed to prove that practical difficulties existed. "Practical difficulties" is based upon a finding that the area zoning requirements "unreasonably deprives [the property owner] use of his property." Duncan, at 86. The record does not show that appellant will be unreasonably deprived of its use of the property. Additionally, the practical difficulties standard does not require that a property owner be provided with the greatest possible benefit from the use of his or her property. Id. at 88. Although appellant disagrees with the zoning restrictions of the Village of Groveport, generally courts will not look into the appropriateness of local zoning resolutions. In re Liverpool Twp. Zoning Bd. of Appeals (1997), Medina App. No. 2657-M.
Appellant also contends that the trial court incorrectly applied an "unnecessary hardship" standard to an area variance request. However, a review of the trial court's opinion shows that it applied the "practical difficulties" standard of Duncan and did not apply an "unnecessary hardship" standard.[1]
Appellant also argues that its area variance request met the requirements of Groveport Municipal Ordinance 1197.04(e)(2), which states:
 (2) Approval of variance. The Board shall only approve a variance of modification thereof if the following findings are made:
 A. That special conditions and circumstances exist which are peculiar to the land or structure involved and which are not applicable to other lands or structures in the same Zoning District.
 B. That a literal interpretation of the provisions of this Zoning Ordinance, Building Code and Property Maintenance Code would deprive the applicant of rights commonly enjoyed by other properties in the same Zoning District under the terms of this Zoning Ordinance.
 C. That the special conditions and circumstances do not result from the action of the applicant.
 D. That granting the variance requested will not confer on the applicant any special privilege that is denied by this Zoning Ordinance, Building Code or Property Maintenance Code to other lands or structures in the same Zoning District.
 E. That granting the variance will not adversely affect the health or safety of persons residing or working in the vicinity of the proposed development, be materially detrimental to the public welfare, or injurious to private property or public improvements in the vicinity.
A review of Groveport Municipal Ordinance 1197.04(e)(2) ("ordinance") shows that it differs from the factors listed in Duncan in that the ordinance requires all of the five findings to be made by appellee before approving a variance request. The Duncan factors are used to review a zoning board's decision to deny a variance request in order to determine whether practical difficulties exist for the property owner based upon the denial of the variance request. Since appellant has not proven the existence of practical difficulties, pursuant to Duncan, it was not necessary for the trial court to determine whether the evidence supports each of the five findings in the ordinance.
Accordingly, after having reviewed the complete record, we find that the trial court did not abuse its discretion in affirming appellee's order denying appellant's variance request. Appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
PETREE and BOWMAN, JJ., concur.
[1] We note that to aid appellate review, it would be helpful for trial courts to address each of the seven factors outlined in Duncan as applied to the variance request being reviewed.