OPINION
{¶ 1} Appellants appeal the October 27, 2004, decision of the Licking County Court of Common Pleas affirming the denial of a variance by the City of Pataskala BZA.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} Appellants own a 37.1 acre tract of land on S.R. 310 in the City of Pataskala, located in the City's Agricultural Zoning District. This tract of land has frontage of 60 feet and 174 feet on S.R. 310. The frontage is divided into two separate parts because Appellants previously split out a 7.895-acre tract of land to one of their sons, with 250 feet of frontage on S.R. 310.
{¶ 3} On January 14, 2003, Appellants filed an application for three separate variances which would allow them to create a second lot on S.R. 310 as a new home site for another one of their sons. This lot split required the following variances: (1) a variance to permit a lot size of 2.890 acres, less than the 10-acre minimum requirement in an AG district; (2) a variance from the minimum street frontage of 250 feet to 97.09 feet; and (3) a variance to eliminate the requirement that no lot have an average depth which is more than three times its average width.
{¶ 4} Appellants subsequently found that the proposed lot did not have sufficient usable acreage to comply with health and sewer regulations and increased the proposed lot size variance to 4.729 acres rather than the proposed 2.890 acres.
{¶ 5} On February 3, 2004, February 24, 2004 and March 16, 2004, the BZA held hearings on the application.
{¶ 6} At the hearing on February 24, 2004, the Board inquired why Appellants did not just deed 10 acres to their son rather than seek a variance from the 10-acre minimum requirement. In response, Appellants stated that they "don't prefer that, no." and further that "it's not preferred." (BZA, T. at 14, 20). Appellants' attorney stated that Appellants would prefer for the new lot to have a back lot line that closely matched the back lot line of the previously split off 7.895 acre tract. (BZA, T. at 11, 16).
{¶ 7} In its written decision, the BZA denied the application for the variance from the 10-acre minimum lot size requirement because Appellants failed to show that any "practical difficulties" prevented them from complying with the 10-acre minimum requirement. The BZA did not make a decision on the two remaining applications for variances on the grounds that these requests were moot based on the decision on the 10-acre requirement. The BZA's findings of facts stated:
{¶ 8} "4. The Board finds and determines that there are no practical difficulties that would justify the granting of a variance from the 10-acre minimum lot size requirement set forth in Section 1225.05 of the Ordinances. The Applicants wishes [sic] to split off a 4.7 acre tract of land from a larger tract of land. However, there is nothing that prevents the Applicants from splitting off 10 acres to satisfy the requirement of the Code."
{¶ 9} On June 17, 2004, Appellants filed an appeal from the BZA's determination with the Licking County Court of Common Pleas.
{¶ 10} On October 27, 2004, the trial court issued a Judgment Entry denying Appellants' appeal from the denial of the variance.
{¶ 11} It is from this decision Appellants now appeal, assigning the following sole error for review:
 ASSIGNMENT OF ERROR
{¶ 12} "I. THE COURT OF COMMON PLEAS ERRED IN DENYING APPELLANT'S APPEAL OF THE DENIAL OF A VARIANCE BY THE CITY OF PATASKALA BOARD OF ZONING APPEALS."
 Standard of Review
{¶ 13} Appellants appealed this matter pursuant to R.C. 2506 et. seq. Revised Code § 2506.04 sets forth the applicable standard of review and provides as follows:
{¶ 14} "The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505 of the Revised Code."
{¶ 15} The Ohio Supreme Court construed the above language in the case of Henley v. Bd. of Zoning Appeals, 90 Ohio St.3d 142, 146, 2000-Ohio-493. The Court stated as follows:
{¶ 16} "[W]e have distinguished the standard of review to be applied by common pleas courts and courts of appeal in R.C. Chapter 2506 administrative appeals. The common pleas court considers the `whole record,' including any new or additional evidence admitted under R.C.2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. See Smith v. Granville Twp. Bd. of Trustees (1998),81 Ohio St.3d 608, 612, 693 N.E.2d 219, * * * citing Dudukovich v. LorainMetro. Hous. Auth. (1979), 58 Ohio St.2d 202, 206-207, 389 N.E.2d 1113, ___ *."
{¶ 17} Our standard of review to be applied in a R.C. 2506.04 appeal is more limited in scope. Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34,465 N.E.2d 848. "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on `questions of law,' which does not include the same extensive power to weigh `the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." Id. at fn. 4. "It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals * * * might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." Lorain City School Dist. Bd. of Edn. v.State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 261, 533 N.E.2d 264.
{¶ 18} "The standard of review for appellate courts is whether the common pleas court abused its discretion in finding that the administrative order was or was not supported by reliable, probative and substantial evidence." Ashland v. Gene's Citgo, Inc. (2000), Franklin App. No. 99AP-938. See, also, State ex rel. Baker v. State Personnel Bd.of Review (1999), 85 Ohio St.3d 640, 643, 710 N.E.2d 706.
{¶ 19} It is based upon this standard that we review appellants' assignments of error.
 I.
{¶ 20} In its sole assignment of error, Appellant contends the trial court erred in affirming the decision by the Pataskala BZA denying their application of a variance. We disagree.
{¶ 21} A variance authorizes a landowner to establish or maintain a use which is prohibited by zoning regulations. Nunamaker v. Bd. of ZoningAppeals (1982), 2 Ohio St.3d 115, 118, 443 N.E.2d 172. "An area variance allows for the development of property in a manner which is generally not permitted by the applicable zoning regulations governing the particular zoned area, provided that the circumstances surrounding the development of the property satisfy certain standards." Workman v. Franklin Cty.Dist. Bd. of Health (2001), Franklin App. No. 00AP-905.
{¶ 22} "The standard for granting a variance which relates solely to area requirements should be a lesser standard than that applied to variances which relate to use. An application for an area variance need not establish unnecessary hardship; it is sufficient that the application show practical difficulties." Kisil v. Sandusky (1984), 12 Ohio St.3d 30,34, 465 N.E.2d 848, at the syllabus. Therefore, a property owner applying for an area variance must demonstrate "practical difficulties" in complying with a zoning regulation. Id. "[A] property owner encounters `practical difficulties' whenever an area zoning requirement (e.g. frontage, setback, height) unreasonably deprives him of a permitted use of his property." Duncan v. Middlefield (1986), 23 Ohio St.3d 83, 86,491 N.E.2d 692, certiorari denied, 479 U.S. 986, 107 S.Ct. 576,93 L.Ed.2d 579.
{¶ 23} The Ohio Supreme Court has established seven factors to be considered in determining whether a landowner has encountered practical difficulties in the use of his property:
{¶ 24} "The factors to be considered and weighed in determining whether a property owner seeking an area variance has encountered practical difficulties in the use of his property include, but are not limited to:
{¶ 25} "(1) whether the property in question will yield a reasonable return or whether there can be any beneficial use of the property without the variance;
{¶ 26} "(2) whether the variance is substantial;
{¶ 27} "(3) whether the essential character of the neighborhood would be substantially altered or whether adjoining properties would suffer a substantial detriment as a result of the variance;
{¶ 28} "(4) whether the variance would adversely affect the delivery of governmental services (e.g., water, sewer, garbage);
{¶ 29} "(5) whether the property owner purchased the property with knowledge of the zoning restriction;
{¶ 30} "(6) whether the property owner's predicament feasibly can be obviated through some method other than a variance;
{¶ 31} "(7) whether the spirit and intent behind the zoning requirement would be observed and substantial justice done by granting the variance." Duncan v. Middlefield (1986), 23 Ohio St.3d 83, syllabus.
{¶ 32} Further, no single factor controls in the determination of practical difficulties; the inquiry should focus on the spirit rather than the strict letter of the zoning ordinance so that substantial justice is done. Id. at 86.
{¶ 33} In denying Appellants' application for a variance, the BZA determined that "there are no practical difficulties that would justify the granting of a variance from the 10-acre minimum lot size requirement set forth in Section 1225.05 of the Ordinances." The BZA further determined that "nothing prevents the Applicants from splitting off 10 acres to satisfy the requirement of the Code."
{¶ 34} The trial court reviewed the seven Duncan factors and found that the BZA appropriately considered the evidence before it and affirmed same. (Oct. 27, 2004 Judgment Entry at 5).
{¶ 35} Upon review, we find that the trial court properly applied the provisions of the City of Pataskala's zoning code and properly considered and applied the appropriate tests to determine whether the denial of the variance would create a practical difficulty for Appellants. (See Duncan v. Middlefield (1986), 23 Ohio St.3d 83.)
{¶ 36} We find that the trial court's decision is supported by the preponderance of substantial, reliable and probative evidence on the whole record.
{¶ 37} Appellant's sole assignment of error is overruled.
{¶ 38} The decision of the Licking County Court of Common Pleas is affirmed.
Boggins, P.J. Hoffman, J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking, Ohio, is affirmed. Costs assessed to Appellant.