OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Plaintiffs-Appellants are a group of property owners in Austintown, Ohio, who are challenging the decision of the Austintown Township Board of Zoning Appeals (BZA) to grant three variances on a tract of land along Mahoning Avenue to Pelican Park Properties, Inc. Appellants appealed the BZA's decision to the Mahoning County Court of Common Pleas, which dismissed their administrative appeal as moot upon its conclusion that the zoning variances had expired.
 {¶ 2} Zoning variances run with the land and cannot be collaterally attacked. They only expire upon either the terms of the zoning ordinance or their own terms. Neither the local zoning ordinance or this zoning variance provides any conditions upon which the variance would expire. Thus, the zoning variance at issue in this case is in force even if it is not currently being used. The trial court's conclusion that this administrative appeal is moot is incorrect. Accordingly, its decision is reversed and this cause remanded for further proceedings.
 Facts {¶ 3} Pelican Park wished to erect a building on a piece of land adjacent to Mahoning Avenue in Austintown, Ohio, but the building Pelican Park proposed did not comply with the Austintown Township Zoning Ordinance. Pelican Park requested that the BZA grant three zoning variances: 1) reduce the green space buffer requirement from ten feet to eight feet; 2) eliminate the required green space along an adjacent street; and, 3) allow the north side of the property to be constructed ten feet, rather than fifteen feet, from the property line. The BZA held a public hearing and granted the requested variances. Appellants appealed that decision to the trial court.
 {¶ 4} After the matter was appealed to the trial court, Appellees moved to dismiss the appeal as moot. They argued that the zoning inspector granted Pelican Park a new zoning permit for a building which complied with the zoning ordinance without using the variances. Since Pelican Park was no longer using the variances to erect its building, Appellees believed the appeal was moot. The magistrate heard the motion to dismiss, but never entered a decision on the motion. Nevertheless, the transcript from that hearing was filed and the parties agreed that the trial court should decide the motion based on the briefs and the filed transcript. After reviewing those transcripts, the trial court concluded that the appeal was moot and dismissed the case. In doing so, it applied the portion of the zoning ordinance dealing with zoning permits to zoning variances.
 Expiration of Variance {¶ 5} On appeal, Appellants claim the trial court erred when it dismissed their administrative appeal as moot. In support of their argument, Appellants raise two assignments of error:
 {¶ 6} "The trial court erred in sustaining defendant-appellees' motion to dismiss which as a matter of law was `not supported by a preponderance of substantial, reliable, and probative evidence on the whole record' contradicted by `cumulative, direct evidence.'"
 {¶ 7} "The trial court erred in sustaining defendant-appellees' motion to dismiss in ruling as a matter of law a zoning variance expires within one year if not used under the Austintown Township Zoning Ordinance of Mahoning County."
 {¶ 8} These assignments of error address the same issues of law and fact and will be addressed together.
 {¶ 9} In this case, the building Pelican Park originally sought to build did not comply with the zoning ordinance, so it sought a zoning variance. A zoning variance "`authorizes a land owner to establish or maintain a use which is prohibited by the zoning regulations.'" Nunamakerv. Board of Zoning Appeals of Jerusalem Tp. (1982), 2 Ohio St.3d 115, 118, quoting Boston v. Montville Twp. Zoning Bd. of Appeals (1972),32 Ohio Misc. 118, 120-121. Only a local board of zoning appeals may grant a zoning variance. R.C. 519.14(B). When determining whether to grant the variance, the board must determine whether denying the variance "will result in unnecessary hardship," so the board may hear evidence on this claim. Id. "Once granted, the variance runs with the land and, as a judgment in rem, cannot be collaterally attacked." Nunamaker at 118.
 {¶ 10} Of course, either the local zoning ordinance or the zoning variance itself can place conditions upon any variance that a board of zoning appeals grants since, in either case, the landowner will know of those conditions and can act accordingly. But absent conditions in either the zoning ordinance or the zoning variance, any zoning variance which a board of zoning appeals grants will run with the land, cannot be attacked collaterally, and cannot expire. Id.
 {¶ 11} In this case, the zoning ordinance provides that the board of zoning appeals can place conditions upon a zoning variance, but the ordinance does not set any condition itself. See, generally Austintown Township Zoning Ordinance, Article VI. Likewise, the zoning variance the board of zoning appeals granted contains no limiting language. Since neither source of authority for this zoning variance states that it will expire if certain conditions are met, then the variance will never expire and will run with the land. Thus, the trial court erred when it concluded that the zoning variance expired.
 {¶ 12} When reaching the opposite conclusion, the trial court relied on a portion of the zoning ordinance which dealt with zoning permits. Section 202 of the zoning ordinance states that any zoning permit issued by the local zoning inspector will "expire one year from the date of issuance and within this period all buildings shall have exterior walls, roof and doors completed." The trial court's reliance on this section of the ordinance was misplaced since zoning permits and zoning variances are two very different things.
 {¶ 13} Unlike a zoning variance, a zoning permit does not give a property owner any vested rights if there has been no substantial change of position, or expenditures, or no significant incurrence of obligations in reliance upon the permit. Torok v. Jones (1983), 5 Ohio St.3d 31, 34. Instead, it merely certifies that the proposed construction does not violate the zoning ordinance. As the zoning ordinance itself recognizes, granting a zoning permit is purely a ministerial task performed by the zoning inspector. See Austintown Township Zoning Ordinance, Section 401 (defining the granting of zoning permits among the zoning inspector's "administrative duties").
 {¶ 14} In contrast, a property owner who receives a zoning variance has a property interest in that variance. Nunamaker at 118. That variance gives the landowner the ability to use his land in a way that would otherwise be prohibited by the zoning ordinance. Id. A board of zoning appeal's decision to grant or deny a zoning variance is more than a ministerial task; it is the exercise of a quasi-judicial power. SetProducts, Inc. v. Bainbridge Tp. Bd. of Zoning Appeals (1987),31 Ohio St.3d 260, 263; R.C. 519.14(B).
 {¶ 15} Since building permits and zoning variances are two very different creatures, the provisions of the zoning ordinance dealing with one should not be construed to deal with the other as well. The two are located in separate sections, are granted by separate bodies, and are aimed toward different ends. The trial court erred by relying on one to construe the other.
 {¶ 16} Finally, we recognize that the parties' dispute whether the building approved of in the second building permit complied with the terms of the zoning ordinance or took advantage of the variances previously granted, but that dispute is irrelevant for the purposes of this appeal. Since the variance granted by the board of zoning appeals will not expire through non-use, then Pelican Park's decision not to use the variance does not render this proceeding moot. A subsequent building could take advantage of the variance and the variance could not be collaterally attacked at that time. Numamaker at 118. We further note that Appellants did not follow the proper administrative procedure for challenging whether the second building permit actually complied with the zoning ordinance and that this proceeding is not the proper forum for raising those arguments. On remand, Appellants cannot challenge the building which presently stands on the property.
 {¶ 17} In conclusion, the trial court's judgment is contrary to both caselaw and the plain language of the zoning ordinance. Variances run with the land and do not expire unless either the zoning ordinance or the zoning variance specifically sets a time limit as a condition. Neither the zoning ordinance nor the variance in this case contain any conditions setting time limits. Accordingly, the variance never expired. The issues before the trial court are not moot and the trial court erred when it dismissed this case. Appellants' assignments of error are meritorious. Accordingly, the judgment of the trial court is reversed and this cause is remanded for further proceedings. Donofrio, P.J., concurs.
Vukovich, J., concurs.