SOTTILE, Appellee,

v.

VILLAGE OF AMBERLEY VILLAGE TAX BOARD
OF REVIEW et al., Appellants.

[Cite as *Sottile v. Amberley Village Tax Bd. of Review,*
146 Ohio App.3d 680, 2001-Ohio-4277.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–010044.

Decided Oct. 19, 2001.

Robert A. Klingler, for appellee.

Schroeder, Maundrell, Barbiere & Powers and Lawrence E. Barbiere, for appellants.

---

HILDEBRANDT, Judge.

{¶ 1} Defendants-appellants, the Amberley Village Tax Board of Review ("board") and Robin Lewis, the Tax Administrator for Amberley Village, appeal from the judgment of the Hamilton County Court of Common Pleas overturning the board's decision denying plaintiff-appellee Benjamin J. Sottile's request for an income-tax refund. Bringing forth one assignment of error, the board contends

that the trial court erred in reversing the board's denial of a tax refund. For the following reasons, we affirm in part and reverse in part.

{¶ 2} Sottile was a resident of the village of Mariemont during the time he worked for Gibson Greetings, Inc., a company located in Amberley Village. Gibson would customarily withhold taxes from Sottile's paycheck, although Sottile, as a nonresident was required to pay taxes only on income earned for work or services he performed in Amberley Village. Regularly, Sottile would apply for and receive a tax refund for any days that he worked outside Amberley Village. Sottile was the Chief Executive Officer of Gibson from 1986 until he was asked to leave the company on February 14, 1996. Although asked to leave his executive position, Sottile remained as the Chairman of the Board of Directors because it was an elected position.

{¶ 3} Sottile contested his termination, and, pending a settlement, Gibson continued to pay Sottile's salary, pursuant to his employment contract, and to withhold income taxes. Gibson paid Sottile $555,083 from February 15, 1996, until December 31, 1996. From January 1, 1997, until April 15, 1997, the date that Gibson stopped withholding local income taxes from Sottile's salary because Sottile had moved to New Jersey, Gibson paid Sottile $370,056. Of that amount, $234,045 was a lump sum paid in settlement to Sottile in exchange for a release of his claims, including wrongful discharge, against Gibson.

{¶ 4} In September 1998, Sottile requested a refund for local income taxes withheld from his salary and paid to Amberley Village subsequent to February 15, 1996. The board held a hearing, considering documentary evidence submitted by Sottile. The board denied Sottile's request, concluding, among other things, that the payments Sottile had received from Gibson were for past services rendered and that there was no evidence of substantive services performed by Sottile after February 14, 1996. Sottile appealed to the court of common pleas. A magistrate, at a hearing in which additional evidence was properly considered, held that all of the monies paid to Sottile after February 14, 1996, except for the settlement payment of $234,045, were not taxable by Amberley Village because Sottile had provided services to Gibson after his termination date and those services had not been rendered in Amberley Village. Objections to the magistrate's decision were filed. The trial court affirmed the magistrate's decision with one modification: that the income tax paid on the lump-sum payment of $234,045 was also refundable. This timely appeal followed.

{¶ 5} An appeal to the court of common pleas from a decision of the board is governed by R.C. 2506.04, which provides that a "[trial] court may find that the order, adjudication or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." Furthermore, the trial

court may hear additional evidence, pursuant to the guidelines in R.C. 2506.03.[1] Upon doing so, the trial court must then perform a hybrid form of review:

{¶ 6} "The court applies the law to the evidence that was presented to the administrative agency but acts as a finder of fact in regard to the new evidence; then, reviewing the entire record [and weighing the evidence], the court determines whether the agency's decision was * * * unsupported by the preponderance of substantial, reliable, and probative evidence."[2] (Citations omitted.)

{¶ 7} Pursuant to R.C. 2506.04, the decision of the trial court may then be appealed "on questions of law." In reviewing a trial court's judgment in an administrative appeal, the appellate court's review is more limited. In this case, we must affirm the judgment of the trial court unless its decision is so at odds with the evidence presented first to the board and later to the trial court as to be erroneous as a matter of law.[3]

{¶ 8} Our review of the record convinces us that the trial court's finding that there was not a preponderance of substantial, reliable, and probative evidence to support the board's decision that income tax was properly withheld from Sottile's salary in 1996 and 1997 was, as a matter of law, correct. The board stated that Sottile was not entitled to a tax refund because the compensation paid to Sottile was for past services rendered in Amberley Village. But a September 1999 letter written by Sottile and admitted into evidence stated that he had requested a bonus from the Gibson Board of Directors for services he had rendered in the year prior to his termination, but that the Board of Directors, in its discretion, had decided that he did not deserve a bonus. Sanford Werner, a tax expert testifying for Sottile in the trial court, stated that this decision, as well as other factors, indicated that any salary that Sottile received after his termination was *not* compensation for past services rendered. Werner also testified that normally there was some indication, when it was so intended, that compensation was for past services, such as an internal memorandum to the employee or a notice in the personnel file. Werner testified that there was no such memorandum or notice here.

{¶ 9} The board also held that no substantial services had been performed by Sottile after his termination. It is undisputed that Sottile did not perform any

---

1. *Cincinnati Bell v. Glendale* (1975), 42 Ohio St.2d 368, 71 O.O.2d 331, 328 N.E.2d 808.

2. *Hebeler v. Colerain Twp. Bd. of Zoning Appeals* (1997), 116 Ohio App.3d 182, 186, 687 N.E.2d 324, 326.

3. See *Ohio State Med. Bd. v. Ioannidis* (June 18, 1987), Allen App. No. 1–86–52, 1987 WL 13130; see, also, *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 207, 12 O.O.3d 198, 389 N.E.2d 1113, 1117.

services in Amberley Village after his termination. But it is further undisputed that, after his termination, Sottile had attended three Board of Director meetings, had cooperated in current litigation involving Gibson by attending a deposition, and had performed "good will" contact with Gibson's clients, all outside Amberley Village. William Keck, the tax expert hired by Amberley Village, testified that if the compensation that Sottile had received after his termination was for such services, it was an unreasonable amount. But Keck also testified that he had no basis to determine the value of the services Sottile had performed after his termination. Finally, the board did not have any evidence before it from Gibson valuing those services that Sottile had performed after his termination.

{¶ 10} Based on the record before us, we hold, as a matter of law, that the trial court, properly weighing the evidence before it, correctly determined that there was not a preponderance of reliable, probative, and substantial evidence for the board's decision that Sottile was not entitled to a tax refund for the salary he had continued to receive after his termination, excluding the lump-sum payment of $234,045.

{¶ 11} With respect to the lump-sum payment, there exists in the record substantial, reliable, and probative evidence that this payment was in settlement for claims that Sottile had against Gibson, including wrongful discharge and age discrimination. The agreement entered into by the parties described it as such. Additionally, both experts testified that the settlement of the potential lawsuit for wrongful discharge and age discrimination was taxable so long as it did not include payment for personal injuries. As there was no personal injury involved here, the lump-sum payment was properly taxable.

{¶ 12} Accordingly, we affirm the judgment of the trial court to the extent that all income received after Sottile's termination, excluding the lump-sum payment, was not taxable by Amberley Village. We reverse the judgment to the extent that it further held that the settlement payment of $234,045 was not taxable by Amberley Village. We remand this case to the trial court to calculate the amounts now due to Sottile, including the interest that has accrued while this case has been pending.

Judgment accordingly.

DOAN, P.J., and PAINTER, J., concur.