[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Paradise Resort, Inc., is a private recreational nudist club in Colerain Township, Ohio. In February 2000, a township zoning inspector issued to the resort a notice of zoning violation for maintaining camping facilities within an area zoned as an "A-A" residence district. The resort appealed the zoning violation to the Colerain Township Board of Zoning Appeals. The board affirmed the violation and denied the resort's appeal.
In June 2000, the resort requested that the board issue a certificate of non-conforming use in order to accommodate camping facilities. Meanwhile, the zoning inspector had issued a zoning certificate for a swimming and recreational club, which allowed the resort's swimming pool, clubhouse, volleyball courts, and certain outbuildings as acceptable uses within the residential district. After a hearing, the board denied the resort's request for a nonconforming-use certificate for camping facilities.
The resort appealed both of the board's decisions to the Hamilton County Common Pleas Court, pursuant to R.C. 2506, and the cases were consolidated. The court reversed the board's decisions and determined that the resort's campground facilities were a permitted "accessory use" that was customarily incident to the resort's operation of a nudist swim club and recreational facility. The board now appeals from the judgment of the common pleas court. In a single assignment of error, the board argues that the court erred in reversing its decisions.
In R.C. Chapter 2506 appeals, the courts of common pleas and the courts of appeals have different standards of review.[1] A common pleas court must determine whether an administrative order is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence."[2]
Pursuant to R.C. 2506.04, the decision of the trial court may be appealed only on questions of law. In reviewing a trial court's judgment on the evidence in an administrative appeal, an appellate court's review is "more limited in scope."[3] "[W]e must affirm the judgment of the trial court unless its decision is so at odds with the evidence presented first to the [b]oard and later to the trial court as to be erroneous as a matter of law."[4]
The Colerain Township Zoning Resolution permitted certain uses within an area zoned "A-A" Residence District, including country clubs, swimming clubs and tennis clubs. The resolution further allowed for "accessory buildings and uses customarily incident to" those uses. The resolution defined an "Accessory Building, Structure or Use" as follows:
 A subordinate building, structure or use which is naturally and normally incidental to the main building or use and erected at the same time or after the construction of the main building. * * *
 In this case, the record demonstrates that the common pleas court applied the proper standard of review in its determination that the board's decisions were not supported by a preponderance of the evidence. The resort presented uncontroverted evidence that its camping facilities had been constructed at the same time as its swimming and recreational facilities at the resort's inception approximately thirty years earlier. The resort presented evidence that most nudist clubs across the nation had camping accommodations, that some of its members traveled great distances to enjoy the resort, and that their enjoyment would have been significantly curtailed if they were unable to use its camping facilities. The resort also presented evidence that the camping use was a subordinate use to the swimming and recreational uses in that fewer than half of its members used the camping facilities.
The common pleas court determined that the resort's camping facilities were a permissible accessory use that was customarily incident to the resort's operation of a nudist swim club and recreational facility. We cannot say that the court's decision was "so at odds with the evidence presented * * * as to be erroneous as a matter of law."[5] Therefore, we overrule the assignment of error and affirm the judgment of the common pleas court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.
[1] See Kenkel v. Hamilton Cty. Bd. of County Commissioners, 1st Dist. No. C-010347, 2001-Ohio-3917.
[2] Henley v. Youngstown Bd. of Zoning Appeals (2000), 90 Ohio St.3d 142,147, 735 N.E.2d 433.
[3] Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34, 465 N.E.2d 848.
[4] Sottile v. Amberley Village Tax Bd. of Review, 146 Ohio App.3d 680,683, 2001-Ohio-4277, 767 N.E.2d 1212.
[5] See Sottile, supra.