[Cite as *Savon Ents. v. Boardman Twp. Trustees*, 2016-Ohio-735.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| SAVON ENTERPRISES, LLC. | ) | |
| | ) | |
| PLAINTIFF-APPELLANT | ) | |
| | ) | CASE NO. 14 MA 0029 |
| VS. | ) | |
| | ) | OPINION |
| BOARD OF TRUSTEES OF THE | ) | |
| BOARDMAN TOWNSHIP OF | ) | |
| BOARDMAN OHIO, ET AL. | ) | |
| | ) | |
| DEFENDANTS-APPELLEES | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from Court of Common
Pleas of Mahoning County, Ohio
Case No. 12 CV 2781

JUDGMENT:      Reversed and Remanded

APPEARANCES:
For Plaintiff-Appellant      Attorney John Pfau
P.O. Box 9070
Youngstown, Ohio 44511

For Defendants-Appellees      Attorney Donald Duda, Jr.
761 Industrial Road
Youngstown, Ohio 44509

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated: February 22, 2016

[Cite as *Savon Ents. v. Boardman Twp. Trustees*, 2016-Ohio-735.]
DeGENARO, J.

{¶1} Plaintiff-Appellant, Savon Enterprises, LLC, appeals the February 13, 2014 judgment of the Mahoning County Court of Common Pleas. Savon contends that the trial court erred when it reversed the decision of the magistrate. As the magistrate correctly determined that the Boardman Township Zoning Board of Appeals (ZBA's) decision was arbitrary, capricious and unreasonable, and because there is a preponderance of reliable, probative and substantial evidence to support granting the conditional use, the decision of the trial court reversing the magistrate's decision is erroneous as a matter of law. Accordingly, the judgment of the trial court is reversed, and the matter is remanded to the ZBA in order to grant Savon's conditional use application.

{¶2} Savon Enterprises, LLC is the owner of commercial property located on Boardman-Canfield Road and is subject to the zoning ordinances of Boardman Township. Prior to April 13, 2011, the property was used as an assisted living facility. After that date the ZBA approved two separate conditional use permits for the front portion of the building to be used as a cyber café. On February 24, 2012, Savon requested a conditional use permit from the ZBA to open a store to sell second hand or used merchandise at the same property.

{¶3} Although the property is zoned commercial, second hand stores require a conditional use permit. Permitted uses in the commercial district include stores, shops, business offices, restaurants, hotels, motels, theatres, garages and gas stations. Article X, Boardman Zoning Ordinances. Further, Article XVIV "Land Use Tables" defines permitted commercial uses which do not require a conditional use to include antique shops, apparel stores, bakeries, book and stationary stores, drug stores, florists, gift and specialty shops, grocery stores, furniture stores, office supply stores, hardware and home improvement stores, jewelry stores, as well as restaurants, coffee houses, donut shops and delicatessens with a maximum 50 person seating capacity.

{¶4} Adjacent parcels to Savon's property on three sides are an office building, gas station and an assisted living facility, all of which are zoned commercial.

To the north of Savon's property is an area zoned residential, which is buffered by vacant property owned by Savon and evergreen trees, as demonstrated in the video and photographs which were part of the administrative record.

{¶5} The ZBA held a public hearing on August 14, 2012. Savon's counsel presented its case to the board, as permitted by the zoning ordinance, which provides that the party may appear by attorney. As part of the presentation Savon's counsel played the video and presented the photographs for the Board's consideration, made factual and legal arguments, and answered board member questions. No opposition was presented. Several board members expressed that there was no concern about the type of merchandise to be sold; Savon clarified that the merchandise would be small, similar to that found in a gift shop, jewelry shop or apparel store; furniture and other similarly sized items would not be sold on the premises. Instead the board members who spoke indicated that they did not want this to become a mini strip plaza. The ZBA voted three to one to deny the conditional use permit and the vote was announced at the conclusion with no further reasoning provided. On August 17, 2012, a letter was sent to Savon merely stating that the petition was denied.

{¶6} Thereafter, Savon timely filed an appeal of the ZBA decision to the common pleas court pursuant to R.C.2506.01. The magistrate's decision of December 13, 2013 set forth detailed findings of fact and conclusions of law, reversing the decision of the ZBA:

> Based upon a review of the entire administrative file, including the record of the proceedings and briefs submitted by the parties, the Magistrate finds that the Decision of the Board denying Appellant's request for a conditional use permit to operate a second-hand clothing store upon the premises was arbitrary, capricious and unreasonable. *Mobile Oil Corp. v. Rocky River* (1974), 38 Ohio St. 2d 23. Furthermore, the Magistrate finds that, as a matter of law, the Decision of the Board of Zoning Appeals was not supported by a preponderance of reliable,

probative and substantial evidence. *Dudukovich v. Lorain Metro Housing Auth.* (1979), 58 Ohio St. 2d 202.

A review of the record of proceedings, including the transcript of the hearing and briefs submitted by counsel indicates that this property was subject to commercial use and zoned for that purpose. While Appellant was seeking a conditional use permit to operate second-hand merchandise stores upon the premises, it is clear that the Board took no issue with Appellant's proposed operation of such a facility upon the premises. Rather, the Board was solely concerned with Appellant's proposed use of the premises as a retail facility. The Decision of the Board was motivated, not by a desire to prevent second-hand merchandise stores from operating upon the premises, but, rather, to prevent further retail establishments from being operated thereon. This is entirely inconsistent with the commercial nature of this property and not supported by law.

{¶7} Timely objections to the magistrate's decision were filed, and without making findings of fact or conclusions of law, the trial court reversed the decision of the magistrate, upholding the decision of the ZBA.

{¶8} In its sole assignment of error, Savon asserts:

The trial court abused its discretion in reversing the decision of the magistrate.

{¶9} When a trial court reviews an administrative appeal from a board of zoning appeals, "it must review the record to determine whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." *Gonda v. Austintown Tp. Bd. of Zoning Appeals*, 7th Dist. No. 05 MA 14, 2006-Ohio-670, ¶ 8. An appellate court's review is even more limited in scope; we may not weigh the

evidence, instead reviewing solely for error of law. *Angels for Animals, Inc. v. Beaver Township Board of Zoning Appeals*, 7th Dist. No. 04 MA 80, 2004-Ohio-7209, ¶ 15. An appellate court "must affirm the judgment of the trial court unless its decision is so at odds with the evidence presented first to the board and later to the trial court as to be erroneous as a matter of law." *Sottile v. Amberley Village Tax Bd. of Review,* 146 Ohio App.3d 680, 683, 2001-Ohio-4277, 767 N.E.2d 1212 (10th Dist.).

**{¶10}** The party challenging the board's determination carries the burden of proof in rebutting the presumption of the correctness of the board's decision. *Essroc Materials, Inc. v. Poland Twp. Bd. of Zoning Appeals*, 117 Ohio App.3d 456, 462, 690 N.E.2d 964 (7th Dist.1997), citing *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 12 O.O.3d 198, 389 N.E.2d 1113.

**{¶11}** As a preliminary matter, Boardman Zoning Regulation XVI(H)(h) "Record of Decision and Order" provides that the written findings of fact and decisions of the Board acting on the appeal shall be signed by the Chair and entered into the official record. Further, Regulation XVI(I)(j) "Recording of Board Action" requires that the Board's action on a conditional use appeal shall be recorded in the Board's minutes and shall record the findings of fact and the grounds for the action taken regarding the conditional use request. The Board did not comply with these requirements. This error does not impede our review. First and foremost, Savon did not assert this as error, thus it is waived. Nor did the BZA point this out as a deficiency, thus it is likewise waived as to the Township, rising further to the level of invited error. Moreover, given the record before the magistrate and this court, the error is harmless at best.

**{¶12}** The Second District was presented with a procedural situation similar to this case from which we can find guidance:

> The appellants properly and correctly observe that Section 150.457 of the Codified Ordinances of the City of Dayton required the board of zoning appeals to make specific findings of fact before granting a conditional use permit, and its failure to do so in this case

undoubtedly added to the responsibility and difficulty encountered by the common pleas court during the review process. However, the evidence was sufficient to show that Grandview Manor, Inc. had complied with the conditions imposed by Section 150.457, and nothing otherwise projects from the record to suggest that the common pleas court did not apply the standard of review imposed by R.C. 2506.04, which was to determine whether there existed a preponderance of reliable, probative, and substantial evidence to support the conclusion of the board of zoning appeals. See *Cincinnati Bell, Inc. v. Glendale, supra; Dudukovich v. Housing Auth., supra.* Since the evidence was sufficient to overcome the void created by the failure of the administrative agency to make specific findings of fact, the trial court was not without the statutory power to find that the decision of the board of zoning appeals was supported by the record presented on appeal. Hence, the fourth assignment of error is overruled.

Finding no prejudicial error in the record, and with due regard for the limited function of this court in an appeal from an order entered pursuant to R.C. 2506.04, the judgment of the common pleas court will be affirmed.

*Cahill v. Bd. of Zoning Appeals of City of Dayton*, 30 Ohio App.3d 236, 238, 507 N.E.2d 411, (2d Dist.1986).

{¶13} In a similar vein, in *CBS Outdoor, Inc. v. Cleveland Bd. of Zoning Appeals*, 8th Dist. No. 98141, 2013-Ohio-1173, the Eight District was presented with a case where findings of fact were not made by the board of zoning appeals, the record was insufficient to discern the rationale for the board's decision, and the party assigned as error the board's failure to make findings. Our sister district's conclusions of law in *CBS Outdoor* are instructive here:

We are aware the courts have not required the conclusions of fact to take any specific form under R.C. 2506.03(A)(1), and an administrative body is not required to file a separate document entitled "Conclusions of Fact."

However, the common pleas court is required to look at the "face of [the] transcript" to determine if the administrative body includes the reasons in support of its final decision

* * *

We recognize that as long as the court is able to discern the conclusions of fact from the record, a hearing would not be required. For example, in *Global World Peace v. Mayfield Hts. Planning Comm.*, 8th Dist. No. 92848, 2010–Ohio–2213, although the city did not file conclusions of fact, the record contained sufficient detail for the court to discern the reasoning in support of the planning commissioner's decision, and therefore a hearing was not required. In *Concerned Richfield Homeowners v. Planning & Zoning Comm.*, 9th Dist. No. 25033, 2010–Ohio–4095, the court of appeals concluded that the trial court properly determined that the meeting minutes satisfied the mandate of R.C. 2506.03(A)(5), because the meeting minutes contained, as the trial court noted, a detailed expression of each planning commission member's reasoning for approving or denying the variance request.

*CBS Outdoor* at ¶37-38, ¶45.

**{¶14}** Applying the rationale from *CBS Outdoor* and *Cahill* here, as found by the magistrate, the record is sufficient to stay within our respective standards of review to determine whether the BZA's decision is erroneous as a matter of law. Even more fundamentally, Savon did not assign this deficiency as error, and was

able to discern the basis for the rejection, as a successful argument was made to the magistrate. So as our sister district found the record sufficient to assess the decision of the board of zoning appeals in *Cahill*, we likewise do so here.

{¶15} Boardman Township argues that Savon did not meet its evidentiary burden that the conditional use application is in compliance with the standards contained in the zoning resolutions. However, as noted above, the zoning regulations permit the applicant's attorney to appear before the board and make the presentation.

{¶16} Based upon the record, the preponderance of the reliable, probative and substantial evidence before the BZA supports granting Savon a conditional use permit. As found by the magistrate, the BZA's decision "was motivated, not by a desire to prevent second-hand merchandise stores from operating upon the premises, but, rather, to prevent further retail establishments from being operated thereon. This is entirely inconsistent with the commercial nature of this property and not supported by law." This rationale for denying a conditional use was rejected by this court in *Angels for Animals, supra*:

> The Board's argument on this aspect of the ordinance is basically that this proposed use would not conform to the essential character of the area since the surrounding properties were residential. According to the Board, allowing a crematory in this area would change the area from primarily residential to something different. It places a great deal of emphasis on the fact that Angels' facility is the only non-residential facility in the area. The Board's argument is improper.
>
> A board of zoning appeals cannot deny a conditional use permit merely because that conditional use is no longer desired or that the use is different than the surrounding uses. The local legislature approved this use as a conditional use for any type of property, regardless of whether the property is zoned for residential, commercial, or industrial

uses. If the Board denies the conditional use merely because the residents did not want it, then "the decision amounts to a rezoning without legislative action." *Essroc Materials* at 460, 690 N.E.2d 964. A board of zoning appeals cannot deny the conditional use permit on that basis. *Id.*; *Gillespie v. Stow* (1989), 65 Ohio App.3d 601, 607, 584 N.E.2d 1280; *Shelly Materials* (If general incompatibility with the surrounding uses were the only issue, then conditional uses would never be allowed). If the residents believe that crematories should never be allowed in residential areas, then the BTZO should be amended to reflect that. But for now it must be enforced as written.

Furthermore, allowing this crematory will not change the essential character of the area. Even if the surrounding properties are zoned for agricultural and/or residential uses, this property is zoned for industrial uses. The BTZO allows any use in this area, except for certain specifically prohibited uses. A slaughterhouse/meat packing house, one of the uses generally prohibited by the BTZO, was located on the property before Angels bought it, although it had been abandoned for an unknown period of time. One neighbor testified that he would see rats in his yard even after the slaughterhouse shut down and one of the Board members referred to it as "the rat infested rack of a packing house." Thus, even if Angels did not operate its facility on the property, some other business could operate an industrial facility there. Many other non-residential facilities could be opened on this site, again because Angels is located in an area zoned for industrial uses.

The evidence supports the trial court's conclusion that allowing this conditional use will not change the essential character of the area. Angels' property is zoned for industrial uses[.]

*Id.* at ¶ 33-36.

**{¶17}** The magistrate correctly determined that the ZBA's decision was arbitrary, capricious and unreasonable, because there is a preponderance of reliable, probative and substantial evidence to support granting the conditional use permit. Thus, the decision of the trial court reversing the magistrate's decision is erroneous as a matter of law.

**{¶18}** Accordingly, Savon's assignment of error is meritorious. The judgment of the trial court is reversed and the matter is remanded to the Boardman Township Board of Zoning Appeals to grant Savon a conditional use permit.

Donofrio, P. J., concurs

Robb, J., concurs

APPROVED:

_____
Mary DeGenaro, Judge