[Cite as *Broke Ass Phone v. Boardman Twp. Zoning Bd. of Appeals*, 2019-Ohio-4918.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

BROKE ASS PHONE,

Appellant,

v.

BOARDMAN TOWNSHIP ZONING BOARD OF APPEALS,

Appellee.

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 MA 0115**

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 17 CV 2374

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

**JUDGMENT:**
Reversed

*Atty. Matthew Giannini*, 1040 South Common Place, Suite 200, Youngstown, Ohio 44514, for Appellant, and

*Atty. Donald Duda, Jr.*, Mahoning County Prosecutor's Office, 761 Industrial Road, Youngstown, Ohio 44509, for Appellee.

Dated:
November 15, 2019

DONOFRIO, J.

{¶1}    Appellant, Broke Ass Phone, appeals from a Mahoning County Common Pleas Court judgment upholding the decision of appellee, Boardman Township Board of Zoning Appeals (BZA), denying appellant's application for a zoning permit to use its legally trademarked and registered name, "Broke Ass Phone," on a commercial street sign in front of its business.

{¶2}    Appellant is in the business of repairing smartphones and smart devices. It is a local company with multiple locations including one in Howland which has already permitted its signage with its legally trademarked and registered name "Broke Ass Phone."

{¶3}    On November 4, 2015, appellant applied for a zoning permit to reface the commercial street sign in front of its store in Boardman, Ohio.  The sign was to use appellant's business name, "Broke Ass Phone."

{¶4}    On November 16, 2015, the Boardman Township Zoning Inspector denied the application citing Boardman Township Zoning Resolution, Article XII, Section H, Letter C, Number 3.  That section prohibits signs with obscene words or words of immoral character.  The denial letter informed appellant of its right to appeal the zoning inspector's decision.

{¶5}    Appellant timely appealed that decision to the BZA and the matter was set for a hearing.  At the December 22, 2015 public hearing appellant's counsel requested a continuance, which was granted.  The hearing was rescheduled for August 29, 2017; nothing in the record indicates why there was a long delay between hearings.

{¶6}    At the August 29, 2017 hearing, appellant's counsel presented legal arguments as to why the permit should not have been denied.  The arguments were based on the First Amendment Right to Free Speech.  No witnesses testified, no other evidence was submitted, and despite public notice there was no testimony from the floor in opposition to the application.  In a vote of 3 to 1 the appeal was denied; the only attorney on the zoning board voted to reverse the inspector's decision.

{¶7}     Appellant timely appealed the decision to the Mahoning County Common Pleas Court.  Following briefing, the Common Pleas Court affirmed the BZA's decision. The trial court reasoned:

> The denial of BAP's [Broke Ass Phone's] application involves the township exercising a bona fide power conferred upon it by the revised code and the record contains no evidence to the contrary.  This Court cannot substitute its judgment for that of the BZA [Boardman Township Board of Zoning Appeals].  In considering the record as a whole, the Court finds that the August 31, 2017 decision of the BZA is not unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of the substantial, reliable, and probative evidence.  Accordingly, the decision of the Boardman Township Board of Zoning Appeals dated August 31, 2017 is hereby affirmed.

(10/11/18 J.E.).

{¶8}     Appellant timely appealed that decision.  Appellant now raises a single assignment of error.

{¶9}     Appellant's sole assignment of error states:

> THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT THE BOARDMAN TOWNSHIP BOARD OF ZONING APPEALS DID NOT VIOLATE APPELLANT'S FIRST AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION PURSUANT TO EXTENSIVE FEDERAL AND STATE CASE LAW WHEN IT DENIED APPELLANT'S APPLICATION FOR A SIGNAGE PERMIT.

{¶10}   Appellant contends the denial of its application for signage violates its First Amendment right to free speech.  The BZA counters arguing appellant did not present any evidence or witness testimony.   It also contends appellant failed to raise its unconstitutional argument in the common pleas court.  The BZA also asserts the proper parties were not named to the appeal.  Specifically, that appellant named the BZA as the party to the appeal, not the zoning inspector.  The BZA indicates since case law states

Case No. 18 MA 0115

the board of zoning appeals cannot appeal a common pleas court's reversal of its decision, it cannot be the named party in the appeal.

{¶11}   Initially, we must address the BZA's claim that it cannot be a party to this appeal.

{¶12}   The case law the BZA cites supporting its position indicates boards of zoning appeals cannot appeal common pleas courts' reversals of the boards' decisions. In this case, the BZA was the only named party; appellant did not name the zoning inspector as a party when it appealed the BZA's decision.  The BZA contends we should consider this appeal to be improperly filed and dismiss it without addressing the merits. This argument was made to the common pleas court; however, the court did not address this argument.

{¶13}   Case law indicates boards of zoning appeals do not have standing to appeal common pleas courts' decisions reversing the boards of zoning appeals' decisions. *Rauch v. Jefferson Twp. Bd. of Zoning Appeals*, 2d Dist. Montgomery No. 26941, 2016-Ohio-967, ¶ 7-9.  In 1952, the Ohio Supreme Court held, "[n]either a township board of zoning appeals nor any of its members as such have a right to appeal from the judgment of a court, rendered on appeal from a decision of such board and reversing and vacating that decision."  *DiCillo & Sons, Inc. v. Chester Zoning Bd. of Appeals*, 158 Ohio St. 302, 109 N.E.2d 8 (1952), syllabus.  The proper party to such appeal is the city, the city official responsible for enforcing the zoning regulations, or other persons aggrieved by the court's decision.  *Sich v. Bd. of Zoning Appeals for the City of Middletown*, 12th Dist. Butler No. CA83-08-093, 1984 WL 3386 (July 16, 1984).

{¶14}   But in *Sich*, the Second Appellate District indicated that "normally" a board of zoning appeals cannot appeal the common pleas court's reversal of its decision.  *Id.*  It then stated that since in that case there was no objection to the board of zoning appeals appealing the common pleas court's decision, it would address the merits of the case.  *Id.* It explained the Ohio Supreme Court has recognized the principle that, although adverse parties have not been named in the notices of appeal to common pleas courts, those parties remain adverse and may appeal to a higher court.  *Id.* citing *Gold Coast Realty v. Bd. of Zoning Appeals*, 26 Ohio St.2d 37, 39, 268 N.E.2d 280 (1971) and *Thomas v. Webber [In re Carlisle Ridge Village]*, 15 Ohio St.2d 177, 239 N.E.2d 26 (1968).

Case No. 18 MA 0115

{¶15}   Although appellant should have named the zoning inspector in the appeal, this court will not dismiss the appeal on this technicality.  The attorney representing the BZA is the same attorney that would be representing the zoning inspector.  Likewise, the merit arguments asserted by the BZA are the same arguments that would be asserted by the zoning inspector.  Furthermore, it is a common practice (even if it is a mistake) to name the board of zoning appeals in the appeal.  Case captions of zoning appeals often indicate the boards of zoning appeals are named as the appellee, and in those cases there is no question or argument as to whether they are the proper party.  *Smith v. Warren Cty. Rural Zoning Bd. of Zoning Appeals*, 12th Dist. Warren No. CA2018-07-078, 2019-Ohio-1590; F*errara v. Liberty Twp. Zoning Bd. of Appeals*, 2018-Ohio-3537, 109 N.E.3d 41, ¶ 30 (11th Dist.) (The BZA filed a cross appeal in the case; the cross appeal was dismissed for lack of standing); *Homan v. Franklin Twp. Bd. of Zoning Appeals*, 3d Dist. Mercer No. 10-18-04, 2018-Ohio-3717; *Premier Dev., Ltd. V. Poland Twp. Bd. Of Zoning Appeals*, 7th Dist. Mahoning No. 14 MA 91, 2015-Ohio-2025.

{¶16}   Next, we note that despite appellee's allegation to the contrary, appellant did raise its First Amendment argument in the trial court.

{¶17}   Thus, we will move on to consider the merits of appellant's assignment of error.

{¶18}   This court previously set out the applicable standards of review for both the common pleas court and the appellate court when dealing with an appeal from the board of zoning appeals:

> When a trial court reviews an administrative appeal from a board of zoning appeals, "it must review the record to determine whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." *Gonda v. Austintown Tp. Bd. of Zoning Appeals*, 7th Dist. No. 05 MA 14, 2006-Ohio-670, 2006 WL 338385, ¶ 8.  An appellate court's review is even more limited in scope; we may not weigh the evidence, instead reviewing solely for error of law.  An*gels for Animals, Inc. v. Beaver Township Board of Zoning Appeals*, 7th Dist. Mahoning No. 04 MA 80, 2004-Ohio-7209, 2004 WL 3090174, ¶ 15.

*Savon Ents. v. Boardman Twp. Tr.*, 7th Dist. Mahoning No. 14 MA 0029, 2016-Ohio-735, 60 N.E.3d 534, ¶ 9-10.

**{¶19}** Thus, this court reviews the trial court's decision solely for an error of law. Because it was an error of law to conclude the zoning board's decision was not unconstitutional, we must reverse the trial court's judgment.

**{¶20}** In this case, the trial court found that the denial of appellant's application involved the township exercising a bona fide power conferred on it by the Revised Code and the record contained no evidence to the contrary. The court stated that it could not substitute its judgment for that of the board of zoning appeals and that considering the record as a whole, the board's decision was not unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the evidence.

**{¶21}** Appellant's sign is considered commercial speech. Commercial speech is usually defined as speech that simply proposes a commercial transaction. *Tipp City v. Dakin*, 186 Ohio App.3d 558, 2010-Ohio-1013, 929 N.E.2d 484, ¶ 31, quoting *United States v. United Foods, Inc.*, 533 U.S. 405, 409, 121 S.Ct. 2334, 150 L.Ed.2d 438 (2001). The sign in question here proposes that consumers get their phones repaired at appellant's place of business.

**{¶22}** The First Amendment, as applied to the States through the Fourteenth Amendment, protects commercial speech from unwarranted governmental regulation. *Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Commission of New York*, 447 U.S. 557, 561, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980). The United States Supreme Court has "afforded commercial speech a limited measure of protection, commensurate with its subordinate position in the scale of First Amendment values, while allowing modes of regulation that might be impermissible in the realm of noncommercial expression." *Ohralik v. Ohio State Bar Ass'n*, 436 U.S. 447, 456, 98 S.Ct. 1912, 56 L.Ed.2d 444 (1978).

**{¶23}** The controlling considerations for determining the constitutionality of commercial speech come from *Cent. Hudson Gas & Elec. Corp.*, 447 U.S. 557. *Cent. Hudson* instructs courts to consider:

> (1) whether the regulated commercial speech concerns a lawful activity and is not misleading; (2) whether the restriction seeks to implement a substantial governmental interest; (3) whether the restriction directly

advances that interest; and (4) whether the restriction is no more extensive than is necessary to achieve that interest.

*Tipp City v. Dakin*, 186 Ohio App.3d 558, 2010-Ohio-1013, 929 N.E.2d 484 (2d Dist.), ¶ 34, citing *Cent. Hudson* at 557.

**{¶24}** The zoning board and the trial court agreed that the sign in question concerns a lawful activity and is not misleading.

**{¶25}** We move on then to examine whether the Boardman Township restriction seeks to implement a substantial governmental interest. The restriction at issue, Article XII, Section (H)(C)(3), states: "No signs, billboards or advertising device of any kind are permitted which contain statements, words or pictures of obscene, pornographic, immoral character or which contain advertising that is false."

**{¶26}** It seems clear that there is a legitimate governmental interest in preventing the township's residents from being exposed to obscene, pornographic, or immoral signs and billboards.

**{¶27}** The problem arises here with the word "ass." Does restricting the use of the word "ass" on the Broke Ass Phone sign prevent Boardman's residents from being exposed to obscene, pornographic, or immoral words or statements?

**{¶28}** In this case the word "ass" must be viewed in context. It seems clear that the word "ass" as used in the name "Broke Ass Phone" is not at all pornographic.

**{¶29}** Thus, we turn to whether it is obscene or immoral. "Obscene" is defined as "disgusting to the senses: repulsive," "abhorrent to morality or virtue," and "containing or being language regarded as taboo in polite usage." https://www.merriam-webster.com/dictionary/obscene. "Immoral" is defined as "not moral." https://www.merriam-webster.com/dictionary/immoral. And "moral" is defined as "of or relating to principles of right and wrong in behavior." https://www.merriam-webster.com/dictionary/moral.

**{¶30}** When we view the word "ass" in context, it is clear that it is neither obscene nor immoral when used on the sign "Broke Ass Phone." In this context, the word ass is not used to describe part of the body and is not in reference to any type of crude or offensive behavior. Instead, the term "ass" when used in a phrase like "Broke Ass Phone,"

Case No. 18 MA 0115

has become commonly used as a slang term to say that the phone is "really" or "badly" broken.

**{¶31}** In fact Merriam-Webster's online dictionary contains various similar definitions and uses of the term "ass." For instance: "used as a postpositive intensive especially with words of derogatory implication [as in] fancy-ass" and "often compounded with a preceding adjective [as in] Don't be a smart-ass." https://www.merriam-webster.com/dictionary/ass. Thus, the term "ass" has become somewhat part of an adjective in present-day speech.

**{¶32}** Again, the term must be taken in context. Consider if instead of "Broke Ass Phone" the sign referred to the word "ass" as part of the body with some type of lewd or sexual connotation. In this context, the term "ass" could be construed as obscene or immoral. But in the "Broke Ass Phone" context, the sign is simply advertising that the company will fix your "really badly broken phone."

**{¶33}** At the public hearing, appellant's business manager appeared along with appellant's attorney. Also in attendance were the chairman of the zoning board of appeals, the three other board members, the director of zoning and development, and the assistant director of zoning and development. Appellant's counsel presented his argument, including arguing that denial of the permit violated his client's First Amendment right. (Tr. 8-9). The chairman subsequently asked if there was anyone who would like to address the board in opposition to appellant's application. (Tr. 12). The record indicates there was no testimony from the floor in opposition. (Tr. 12). The four board members then voted 3 to 1 to deny the application. (Tr. 12-13). The chairman and only board member who is an attorney voted in favor of granting the application. (Tr. 13).

**{¶34}** Public notice was given regarding the issue in this case and not a single objection was lodged at the hearing before the board of zoning appeals. (8/29/17 Tr. 11-12). Thus, no Boardman Township resident or business owner was offended enough by the use of the Broke Ass Phone sign to bother to voice an objection at the hearing on the matter. And both the director of zoning and development and the assistant director of zoning and development were present at the hearing. Neither the director nor the assistance director presented any evidence of being offended by the sign.

Case No. 18 MA 0115

{¶35} "The State cannot regulate speech that poses no danger to the asserted state interest[.]" *Cent. Hudson*, 447 U.S. at 565, citing *First National Bank of Boston v. Bellotti*, 435 U.S. 765, 794-795, 98 S.Ct. 1407, 55 L.Ed.2d 707 (1978). The Broke Ass Phone sign poses no danger to the township's interest of preventing its residents from being exposed to obscene, pornographic, or immoral signs and billboards. In this case the use of name Broke Ass Phone on a commercial sign is not obscene, pornographic, or immoral. Simply said, the language used on the sign does not fit into the category of language the restriction was meant to prohibit. Because prohibiting the sign would not advance a substantial government interest, it is unconstitutional to restrict its use. Thus, the trial court erred in failing to find the restriction of the sign unconstitutional.

{¶36} Accordingly, appellant's sole assignment of error has merit and is sustained.

{¶37} For the reasons stated above, the trial court's judgment is hereby reversed.

Waite, P. J., concurs.

Robb, J., dissents with dissenting opinion.

Case No. 18 MA 0115

Robb, J., dissenting.

{¶38} I respectfully dissent from the decision reached by my colleagues. I agree with my colleagues that this appeal should not be dismissed on the technicality that Appellant did not name the zoning inspector in the appeal. I also agree that Appellant did raise the First Amendment argument to the trial court and thus, that argument is not waived. However, given our limited standard of review, I would affirm the decision of the Mahoning County Common Pleas Court upholding the decision of Appellee Boardman Township Board of Zoning Appeals (BZA).

{¶39} Recently, this court explained the standard of review for reviewing a board of zoning appeals decisions as:

> When a trial court reviews an administrative appeal from a board of zoning appeals, "it must review the record to determine whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." *Gonda v. Austintown Tp. Bd. of Zoning Appeals,* 7th Dist. No. 05 MA 14, 2006-Ohio-670, 2006 WL 338385, ¶ 8. An appellate court's review is even more limited in scope; we may not weigh the evidence, instead reviewing solely for error of law. *Angels for Animals, Inc. v. Beaver Township Board of Zoning Appeals,* 7th Dist. No. 04 MA 80, 2004-Ohio-7209, 2004 WL 3090174, ¶ 15. An appellate court "must affirm the judgment of the trial court unless its decision is so at odds with the evidence presented first to the board and later to the trial court as to be erroneous as a matter of law." *Sottile v. Amberley Village Tax Bd. of Review,* 146 Ohio App.3d 680, 683, 767 N.E.2d 1212 (10th Dist.2001).

> The party challenging the board's determination carries the burden of proof in rebutting the presumption of the correctness of the board's decision. *Essroc Materials, Inc. v. Poland Twp. Bd. of Zoning Appeals,* 117 Ohio App.3d 456, 462, 690 N.E.2d 964 (7th Dist.1997), citing *Dudukovich v.*

Case No. 18 MA 0115

*Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 12 O.O.3d 198, 389 N.E.2d 1113.

*Savon Ents. v. Boardman Twp. Tr.,* 7th Dist. Mahoning No. 14 MA 0029, 2016-Ohio-735, 60 N.E.3d 534, ¶ 9-10.

{¶40}  I agree the speech at issue in this case is commercial speech, the sign in question concerns a lawful activity, and is not misleading.  The issue here is whether under Zoning Resolution Article XII, Section (H)(C)(3) the word ass is "obscene," "pornographic," or to be of "immoral character."

{¶41}  Most people would probably agree that the word "ass" is not by itself pornographic.  Thus, the issue is whether that word is obscene or of immoral character.  Neither obscene nor immoral character are defined in the zoning resolution.  Obscene is commonly defined as offensive or disgusting to the senses.  https://www.merriam-webster.com/dictionary/obscene.  Immoral character is ordinarily defined as evil or bad character.  https://www.yourdictionary.com/immorality.

{¶42}  Given the definitions stated above, the word "ass" can qualify as obscene.  While some people do not find the word offensive, there are many reasonable people within the community that do find the word offensive.  The BZA was within in its power to deem the word offensive.

{¶43}  Furthermore, I disagree that we have to view the word in context and when doing so, that indicates the name "Broke Ass Phone" cannot be found as a matter of law to be either obscene or immoral.  If context was all that was necessary, then if the company's name was "Fucked Up Phone" that would be sufficient to require that name to be allowed on a sign as commercial speech.  Similar to the phrase "broke ass," the phrase "fucked up" also means "badly" or "really" broken.

{¶44}  Moreover, Appellant did not meet its burden given the standard of review.  It provided no evidence that the word "ass" in its name is not offensive.  It was Appellant's burden to demonstrate the word "ass" as used in its name was not offensive.  It could have submitted evidence through affidavits or testimony from residents that it did not find the name offensive.  However, no such evidence was offered.  Instead, it relied on the

absence of objections at the public hearing. The absence of objections does not necessarily mean the name was not offensive.

**{¶45}** Consequently, given our standard of review, I would affirm the Common Pleas Court's decision affirming the BZA's decision.

---

For the reasons stated in the Opinion rendered herein, the assignment of error is sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is reversed. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**