[Cite as *Bianco v. Youngstown*, 2020-Ohio-3584.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STEPHEN BIANCO, ET AL.,

Plaintiffs-Appellants,

v.

CITY OF YOUNGSTOWN,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 MA 0021**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2018 CV 206

**BEFORE:**
Gene Donofrio, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Reversed

---

*Atty. Molly Johnson*, Johnson & Johnson Law Firm, 12 West Main Street, Canfield, Ohio 44406, for Plaintiffs-Appellants, and

*Atty. Eugene Fehr*, Deputy Law Director, 26 South Phelps Street, 4th Floor, Youngstown, Ohio 44503, for Defendant-Appellee.

Dated:
June 22, 2020

_____

**Donofrio, J.**

{¶1}    Plaintiffs-appellants, Stephen and Tracey Bianco, appeal from a Mahoning County Common Pleas Court judgment affirming the decision of the Youngstown City Board of Zoning Appeals that upheld a notice of violation against appellants for operating a small group home in a single-family zoning district.

{¶2}    Appellants own a three-bedroom, single-family house located on Ridgelawn Avenue in Youngstown.  Ridgelawn Avenue is zoned "RS-12 Single Family Residential Zoning District."

{¶3}    In the spring of 2017, appellants entered into three leases with three developmentally disabled women and/or their guardians.  Each of the women have their own bedroom in the house and they share the common areas.  The women and/or their guardians contracted with Gateways to Better Living (Gateways), which provides services to individuals with developmental disabilities.  Gateways provides services to the women including housekeeping, social supervision, transportation assistance, assistance seeking medical and dental services, providing meals, and supervision of medications.

{¶4}    On October 20, 2017, appellants were issued a "Notice of Violation – Use not Permitted" for "operating a Small Group Home in a single family zoning district."  The Notice of Violation listed the Ridgelawn property and stated that it was located in an "RS-12 Single Family Residential Zoning District."  Appellants filed an appeal with the Youngstown Board of Zoning Appeals (BZA).  The BZA held a public hearing on appellants' appeal where it heard testimony from Gateways' program director, several concerned neighbors, and a city councilman.  The BZA then voted 5-0 to deny appellants' appeal.

{¶5}    Appellants next filed an appeal in the trial court from the BZA's decision.  The trial court considered the parties' briefs and the transcript from the BZA hearing.  The court found the BZA's determination that appellants were operating a "small group home" in a single-family zoning district was supported by competent, credible evidence.  It further found that the BZA's decision was not unlawful, unreasonable, or against the manifest weight of the evidence.  Therefore, the trial court affirmed the BZA's decision.

Case No. 19 MA 0021

**{¶6}** Appellants subsequently filed a timely notice of appeal in this court on February 13, 2019. They now raise a single assignment of error for our review.

**{¶7}** Appellants' sole assignment of error states:

THE TRIAL COURT ERRED BY FINDING THAT [the] BOARD OF ZONING APPEALS DECISION WAS NOT UNCONSTITUTIONAL, ILLEGAL, ARBITRARY, CAPRICIOUS OR UNREASONABLE.

**{¶8}** Appellants first point our attention to the fact that they have been charged with "operating" a small group home. They assert this is not the case. They point out that they entered into leases with each of the three residents residing in the home and each resident pays them rent. The residents then made arrangements with Gateways, which provides them with various services.

**{¶9}** Youngstown Ordinance 1744.01(a)(1) defines a "small group home" as "a home in which personal service, personal assistance, personal care and/or protective care are provided to between three and five unrelated individuals, except those foster family homes licensed by child-placing agencies."

**{¶10}** Appellants argue that they only provide a residence to their renters and collect rental checks. They do not provide any services to their tenants.

**{¶11}** In response, appellee, the City of Youngstown, asserts that appellants' property is a small group home within the meaning of "group home." Youngstown Ordinance 1744.01(a) defines a "group home" as:

any building, structure, home, facility or place operated by person(s) other than the residents themselves, in which three to sixteen unrelated persons reside for a period of more than twenty-four hours, and which is used or intended to be used for the purpose of letting rooms, providing meals and/or providing personal assistance, personal services, personal care and protective care but not skilled nursing care, designed to help the residents adjust to the community and society. Group homes may also provide personal assistance to no more than three residents per home.

Case No. 19 MA 0021

{¶12} The property is zoned as RS-12 "Single Family Residential." RS-12 "is created for the purpose of maintaining and protecting low-density single family residential areas with a minimum lot size of 12,000 sq. ft." Youngstown Redevelopment Code 1102.02(b). A "family" as defined by the Youngstown Redevelopment Code is "[o]ne or more persons occupying the premises and living as a single housekeeping unit, as distinguished from a group occupying a boarding house, lodging house, club, fraternity, or hotel." Youngstown Redevelopment Code 1106.03.

{¶13} This court previously set out the applicable standards of review for both the common pleas court and the appellate court when dealing with an appeal from the board of zoning appeals:

> When a trial court reviews an administrative appeal from a board of zoning appeals, "it must review the record to determine whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." *Gonda v. Austintown Tp. Bd. of Zoning Appeals*, 7th Dist. Mahoning No. 05 MA 14, 2006-Ohio-670, 2006 WL 338385, ¶ 8. An appellate court's review is even more limited in scope; we may not weigh the evidence, instead reviewing solely for error of law. *Angels for Animals, Inc. v. Beaver Township Board of Zoning Appeals*, 7th Dist. Mahoning No. 04 MA 80, 2004-Ohio-7209, 2004 WL 3090174, ¶ 15.

*Savon Ents. v. Boardman Twp. Tr.*, 7th Dist. Mahoning No. 14 MA 0029, 2016-Ohio-735, 60 N.E.3d 534, ¶¶ 9-10. Thus, this court reviews the trial court's decision solely for an error of law.

{¶14} The trial court reviewed the transcript and noted the following. The three women were previously residents of a large group home operated by Gateways. The women opted for placement in a smaller residence. Gateways located and visited appellants' property before the women entered into leases with appellants. Thereafter, Gateways continued to provide personal services to the women including, but not limited to, 24-hour supervision, assisting with shopping, bathing, preparing meals, doing laundry, and transportation to medical appointments. The trial court noted that it was not to make

factual determinations or weigh the witnesses' credibility.  It found that the BZA's factual determinations were supported by competent, credible evidence and that the BZA's decision was not unlawful, unreasonable, or against the manifest weight of the evidence.  Therefore, the court affirmed the BZA's decision.

{¶15}   The trial court's factual findings are supported by the evidence.  Gateways program director Karl Ware testified that Gateways gave the three women the option of moving out of their group home into the community.  (Tr. 6).  He stated that Gateways, as the women's service provider, was to find a location for the women to live.  (Tr. 6).  He stated that the women then entered into leases with appellants.  (Tr. 6, 9).  Ware testified that the house where the women live is not a group home run by Gateways but is instead their home, which they rent from appellants.  (Tr. 9).  He stated that Gateways provides services at the women's behest.  (Tr. 10).  He also stated the women can ask Gateways to leave at any time.  (Tr. 9-10).

{¶16}   Importantly, however, we must consider what the City of Youngstown actually cited appellants for.

{¶17}   Appellants were issued a Notice of Violation – Use not Permitted for "*operating* a Small Group Home in a single family zoning district."  (Emphasis added). Both the BZA and the trial court failed to consider what this violation actually means.

{¶18}   The Youngstown Redevelopment Code states:

In the context of group homes, "operator" means any person who manages, controls or otherwise performs the day-to-day tasks of operating a group home, regardless of whether such person is the license holder.

Youngstown Redevelopment Code 1106.03.   There was no evidence or allegation whatsoever that appellants, who only collect rent and provide a residence, "operate" a group home.  If anyone is operating a group home at the Ridgelawn residence, it would be Gateways and not appellants.

{¶19}   Our review here is limited to whether the trial court committed an error of law when it determined that the BZA's decision was not unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence.  We cannot weigh the conflicting evidence regarding whether the

women are living in a "small group home" or whether they are to be considered a "single family unit."

{¶20}   The trial court's judgment is contrary to law on the point that appellants are not true "operators" of a small group home within the definition provided by the City in the Youngstown Redevelopment Code.  They do not manage, control, or perform the day-to-day tasks of operating a group home. Therefore, the City could not issue appellants a violation for "operating" a small group home in a single family district.

{¶21}   Accordingly, appellants' sole assignment of error has merit.

{¶22}   For the reasons stated above, the trial court's judgment is hereby reversed and the notice of violation issued by the City of Youngstown Zoning Specialist is hereby vacated.

Robb, J., dissents with dissenting opinion.

D'Apolito, J., concurs.

Robb, J., dissenting opinion.

**{¶23}** I respectfully dissent from the decision reached by my colleagues and would affirm the trial court's decision.

**{¶24}** Appellants were cited for "operating a Small Group Home in a single family zoning district." The majority focuses on the word "operating" and contends that Appellant is not an "operator" of a group home, but instead only collects rent and provides a residence. Opinion ¶ 18. Essentially, the majority is concluding that the landowner must be providing the services to qualify as an operator of a group home. I disagree with that conclusion.

**{¶25}** As the majority points out, an operator in the context of a group home means a person who manages, controls, or performs the day-to-day tasks of operating a group home. It is undisputed Appellants do not perform the day-to-day tasks. However, that does not mean they do not qualify as an operator given the facts of this case.

**{¶26}** Appellants were providing a residence for the women, and they were aware that the women would be receiving services in order to live in the residence. As the majority indicates, the three women previously lived in a large group home operated by Gateways, but wanted to live in a smaller residence. The facts of this case indicate the women could not live on their own without services being provided by Gateways or some other provider. Given the women's desire to live in a smaller residence, Gateways located Appellants' property and visited the property before the women or their guardians entered the leases. Gateways' action of locating and inspecting Appellants' property indicates the property had to qualify in order for Gateways to provide services to the residents. Thus, Appellants knowledge of Gateways' involvement and of providing a residence in compliance with Gateways' requirements could indicate Appellants were controlling or managing the group home in conjunction with Gateways.

**{¶27}** Our standard of review is very limited when reviewing a trial court's review of an administrative order:

**{¶28}** An appellate court's review is even more limited in scope; we may not weigh the evidence, instead reviewing solely for error of law. *Angels for Animals, Inc. v. Beaver Township Board of Zoning Appeals*, 7th Dist. No. 04 MA 80, 2004-Ohio-7209, 2004 WL 3090174, ¶ 15. An appellate court "must affirm the judgment of the trial court unless its decision is so at odds with the evidence presented first to the board and later to the trial court as to be erroneous as a matter of law." *Sottile v. Amberley Village Tax Bd. of Review*, 146 Ohio App.3d 680, 683, 767 N.E.2d 1212 (10th Dist.2001).

**{¶29}** The party challenging the board's determination carries the burden of proof in rebutting the presumption of the correctness of the board's decision. *Essroc Materials, Inc. v. Poland Twp. Bd. of Zoning Appeals*, 117 Ohio App.3d 456, 462, 690 N.E.2d 964 (7th Dist.1997), citing *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 12 O.O.3d 198, 389 N.E.2d 1113.

**{¶30}** *Savon Ents. v. Boardman Twp. Tr.*, 7th Dist. Mahoning No. 14 MA 0029, 2016-Ohio-735, 60 N.E.3d 534, ¶ 9-10.

**{¶31}** The administrative body found the facts indicated Appellants qualified as an operator. The trial court agreed and affirmed the order. The specific facts of this case show that Appellants' actions and knowledge of the situation demonstrate that they qualify as an "operator" of a group home. Consequently, there was no error of law and under our limited review of the administrative order, the trial court's decision, in my opinion, should be affirmed.

APPROVED:

JUDGE CAROL ANN ROBB

———————————

For the reasons stated in the Opinion rendered herein, the assignment of error is sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is reversed and the notice of violation issued by the City of Youngstown Zoning Specialist is vacated. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

———————————

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**